FREDERICK HUMMERT

*v.*

JACOB SCHWAB *et al.*

1. AFFIDAVITS *on motion to dissolve injunction—at what time they may be filed.* The provision of the thirteenth section of the chapter of the revised statutes entitled "Ne exeat and Injunctions," authorizing affidavits, filed with the bill and answer, to be read on motions to dissolve injunctions, must not be construed as requiring the affidavits to be filed at the same time with the bill and answer, to authorize them to be read, but only to be filed in the case with the bill or answer, no matter when, so it is before the hearing of the motion.

2. DISMISSAL OF BILL *on dissolution of injunction.* Upon the filing of a bill in chancery praying an injunction, and also other relief, it is error to dismiss the bill upon the hearing merely of the motion to dissolve the injunction, the bill not yet being submitted. The bill should be retained and all the evidence heard when, on a final hearing, if the complainant fails to sustain his bill, it should be dismissed.

APPEAL from the Circuit Court of Madison county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

The opinion states the case.

Messrs. GILLESPIE & RANDLE, for the appellant.

Messrs. DALE & BURNETT, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was a suit in equity, brought by appellant to the October term, 1867, of the Madison circuit court, against Schwab and Gagnebin, and Grauz was subsequently made a defendant. The bill charges that, on the thirteenth of October, 1859, Martin Recher recovered a judgment in the Madison circuit court against appellant and one Carl Hummert, for $200 debt, and $37.43 damages, and the costs of suit; that an execution was

issued thereon November 8, 1859, and delivered to the sheriff, which was levied on lots 44, 45 and 65, in College addition to Upper Alton; also, on S.W. of the S. E. 11, T. 6, N. R. 9 W.; on a part of the W.½ of the N. E. 14, in the same township and range, containing fifty-five acres, as the property of Hummert; that subsequently the sheriff sold the lots and first named tract of land to the plaintiff for the sum of $275.34, and delivered to him certificates of purchase; that afterwards, in June, 1860, Carl Hummert made an arrangement with Schwab to redeem the property from the sale, and at the time also purchased a team of horses from Schwab for $250, which, with the sum necessary to redeem, amounted to about $625, and to secure the redemption money and the price of the horses, Hummert executed a mortgage to Schwab on the lots; that Recher afterwards died intestate; that his widow became his administratrix; that the estate was indebted to Schwab, and that he and the administratrix arranged the claim, partly by Schwab taking the claim on Hummert, held by the estate; and Schwab, instead of redeeming the lots and land as he had agreed, by misrepresentation procured an assignment of the certificates of purchase to himself, and afterwards fraudulently procured a deed for the property from the sheriff; that afterwards, in 1864, appellant being the owner in fee of the forty acre tract, conveyed the same to Heye F. Heines, by deed with covenants of warranty; that afterwards Heines conveyed the same to Jaques Gagnebin by warranty deed; that Hummert paid the notes described in the mortgage to Schwab, and he, on the fourth of June, 1867, entered satisfaction of the mortgage of record; that, for the purpose of defrauding appellant and those claiming title from him, on the thirty-first of March, 1866, he procured the sheriff to execute to him a deed for the lands named in the certificate of purchase, and had put the same on record, and after obtaining the last named deed, threatened to commence suit for the recovery of the land from Gagnebin; that Gagnebin, in ignorance of the facts, had agreed to pay Schwab $800 for the land, and that Schwab quit claimed

the land, and Gagnebin had executed a deed of trust on the land to secure the payment of the $800; that Gagnebin was threatening to sue appellant on his covenant for title; that appellant, to prevent suit, placed in Gagnebin's hands notes and monies to secure and keep him harmless in the payment of the note to Schwab; that all of these acts on the part of Schwab were fraudulent, unjust and injurious to appellant.

The oath to the answers was waived. The bill prays that the court render a decree declaring the deed from the sheriff to Schwab null and void, and to find and declare that the deed from Schwab to Gagnebin conveyed no title, and to declare the deed of trust from the latter to the former void, and Schwab be decreed to deliver up the note given to him by Gagnebin, and he be decreed to deliver to appellant his securities, and the money deposited with him.

On the first of February, 1868, Schwab answered the bill, and denied any arrangement was ever made with him to redeem, and states that appellant requested him to procure the assignment, saying he was unable to redeem, but preferred that Schwab should have the property rather than Recher should acquire the title; that it was expressly understood that he, Schwab, should have the land if he would procure the assignment of the certificate, in consideration of the pair of horses then sold to him. But as it was uncertain whether the administratrix would assign the certificate, in order that Schwab might be secure in the price of the team, and the money he might advance to redeem, if he could not procure the assignment, Carl Hummert executed the notes and mortgage. He denies that anything was ever paid on these notes; but states that after he acquired the certificate he and Carl met, and upon an agreement he paid Carl fifty dollars to relinquish all claim to the land, and gave up the notes, and satisfied the mortgage; that Carl, at the time, executed a paper, of which this is a copy: " I, the undersigned, hereby declare that all the personal property which is on the place at Upper Alton, as well as the lands and the lots described in an acknowledged valid deed of the sheriff,

shall belong to Jacob Schwab, for which I, this day, for myself and my son, Frederick Hummert, have been entirely satisfied. Alton, March 20, 1862. Carl Hummert;" that Carl Hummert, from the beginning, managed the whole business; that on the third of April, 1865, Gagnebin came to him and purchased the land from him at $800, and it was then conveyed to Gagnebin; that Carl agreed to pay $600 of the purchase money, and Gagnebin the other $200; that he had sold the note for a valuable consideration.

Gagnebin answers and says, of his own knowledge he knows nothing of the facts stated in the bill in reference to arrangements between Schwab and Carl Hummert, but on information believes them to be true; that he, without actual notice, purchased the land of Carl Hummert for the price, and in ,the manner stated in the bill. Replications were filed. Afterwards a supplemental bill was filed, alleging that Timothy Grauz claimed to be the owner of the $800 note given by Gagnebin, and praying that he be restrained from collecting it. He subsequently answered, and a replication was filed. On the seventeenth of May, 1869, a temporary injunction was awarded by the court,. according to the prayer of the bill. A motion to dissolve the injunction was entered. Complainant took and filed depositions in support of his bill. Schwab filed an affidavit in which he swears that he had sold the note before its maturity. On a hearing of the motion, the court below dissolved the injunction and dismissed the bill, and the record is brought to this court, and errors are assigned and a reversal is asked.

It is first urged that the court erred in permitting the affidavit of Grauz to be read on the motion to dissolve the injunction, because it was not filed at the time he filed his answer, but afterwards. The provision of law under which the proceeding is had, is the thirteenth section of the chapter entitled, " Ne exeat and Injunctions," and it authorizes affidavits filed with the bill and answer, to be read on the motion to dissolve. It will be observed that it does not require the affidavits to be

10—54TH ILL.

filed at the same time, to authorize them to be read, but only filed with the bill and answer. To hold that they must be filed at the same time, would generally deprive the complainant of the benefit of all depositions in support of his bill, as he can not know that the defendant will move to dissolve before he enters his motion. We are, therefore, of opinion that this enactment was only intended to require the affidavits to be filed in the case with the bill or answer, and that it does not matter when, so that it is before the hearing of the motion. An examination of the evidence on the motion seems to have justified the court in dissolving the temporary injunction.

But as the case was not brought to trial, and the motion to dissolve was only being heard, the question arises, whether the court did not err in dismissing the bill. This was not a bill for an injunction merely. It sought other relief than the restraint of Schwab from selling or collecting the note given by Gagnebin. It asked that the sheriff's deed to Schwab for the land sold to Gagnebin, as well as other property, be canceled, upon the ground that the redemption money had been fully paid to him; and the depositions in the case seem to prove that, under the arrangement entered into with Carl Hummert, he had received all the money and property he was to have for redeeming the land; that he had received the city lots in full, and if so, that left the lands free, and in equity, belonging to appellant, as he had owned them previous to the sale. If he, by arrangement, had received the city property in full satisfaction for all he had paid to redeem the lots and land, then the fifty-five acres should be re-conveyed to appellant, and Schwab should be required to pay to him what he received from Gagnebin, if the note can not be canceled by reason of its transfer before maturity; or, if it can be, then Gagnebin should be released from its payment, and the deed of trust canceled, and the money and notes delivered to Gagnebin by Carl Hummert, should be restored to him. The bill should have been retained and all the evidence heard, and on a final hearing, if appellant failed to sustain his bill, then it should be dismissed.

Had the parties submitted the bill at the same time the motion was submitted, then the decree is against the evidence. But the bill seems to have been prematurely dismissed, and the decree dismissing it must be reversed and the cause remanded for further proceedings.

*Decree reversed.*