## WILKINS v. TROUTNER.

1. **Attorney's Fees**: RECOVERY OF ON CONTRACT PROVIDING FOR SAME: TIME OF FILING AFFIDAVIT. In order to recover an attorney's fee on a note or contract providing therefor, the affidavit required by § 3, chap. 185, Laws of 1880, must be filed when the original petition in the case is filed.

ADAMS, J., *dissenting*.

*Appeal from Story District Court.*

FRIDAY, JUNE 12.

THE facts are stated in the opinion.

*Martin & Sellers*, for appellant.

No appearance for appellee.

SEEVERS, J.—Action on a promissory note providing for the recovery of a reasonable attorney's fee, if suit is brought to enforce the collection of the note; and the court has certified and asked us to determine a question in these words: "Is it necessary to a recovery of attorney's fees, on a note or con-

tract providing therefor, under chapter 185, Laws 1880, for the affidavit to be filed under section 3 of said act, at the same time of filing the original papers; that is, the petition at the commencement of the suit?" The statute referred to in the foregoing question is in these words: "Before any allowance of attorney's fees shall be made by the court, the court shall be fully satisfied by affidavit of the attorney engaged in the cause, which affidavit shall be filed with the original papers, that there has been no agreement between the attorney and any other person to divide the fee. Chapter 185, § 3, Laws Eighteenth General Assembly.

I. It becomes essential to determine what are the original papers in an action, not only in courts of record, but in suits before a justice of the peace. In the latter, the pleadings may be oral; (Code, § 3530); and in such case the only original papers will be the notice and written instrument, or a copy thereof, on file, if the action is brought on such an instrument. Code, § 3532. In courts of record the "original papers" consist of the pleadings, motions, and papers of every description filed, that make a part of the record in the cause. Code, § 196. It is quite evident that the affidavit contemplated by the statute cannot be filed with or at the same time as each of such original papers, for they may, and ordinarily are, filed at different times. A motion for a new trial and arrest of judgment is an original paper; but these papers are filed after the verdict, and we think the affidavit must be filed before that time, because section 2 of the act aforesaid contemplates that the debt may be paid before judgment, and in such case the amount of the fee allowed by law is less than it would be if the case is prosecuted to judgment. Now, as no fee can be recovered unless the affidavit is filed, we think it must be on file by the "return-day" contemplated in said section 2; because, if the debt is paid off before that time, the attorney's fee is less than if paid off afterwards. We are at some loss to know what is meant by the term "return-day," in the statute under consideration,

but, as all original notices must be served at least ten days prior to the first day of the succeeding term, we think that day should be regarded as the return-day, and the affidavit should then be on file. The petition must be on file by that time, or the action will be deemed discontinued.

II. The statute uses the expression filed *with* the original papers. It is said that "with" is not synonymous with "at the same time." Ordinarily this may be so, but we think it must be so construed in the statute under consideration. If this is not so, then the statute is meaningless, unless it can be said that the affidavit may be filed with, that is, placed among, the original papers, and filed at any time after judgment; and clearly this is not the intent of the statute.

The question under consideration must be answered in the affirmative, and the judgment

AFFIRMED.

ADAMS, J., *dissenting*—I am not able to put the construction upon the statute which is put upon it by the majority of the court. In the provision that the affidavit is to be filed with the original papers, I do not think that the word "with" is used to denote contemporaneousness. The original papers themselves are not filed at the same time, but successively, and it is impossible, therefore, to file the affidavit contemporaneously with them. Besides, I do not think that the word "with" is properly susceptible of being used as meaning contemporaneously. The word, as commonly used, denotes proximity in place, and I think that it is so used in the statute. The design appears to me to be that the affidavit shall be placed in the custody of the court as a paper filed in court, and kept in a place where it can be found and referred to. So far as the matter of time is concerned, it appears to me to be sufficient if the affidavit is filed before the allowance. I see no reason for its being filed sooner than the court is called to act upon it. What the meaning of "return-day" is, as used in the statute, it is not necessary to determine, in the view which I take of the case. But I may be allowed to say

that I do not think that "return-day" can properly be held to mean the last day on which the petition can properly be filed. By "return-day," I think, is meant the day when the defendant can properly be called upon to appear and plead or suffer default,—that is, the time before which the original notice should be returned; because the court, if called upon to act, must have before it the evidence that jurisdiction of the defendant has been obtained.