Weiser v. Day Bros.

WEISER v. DAY BROS. *et al.*

Appeal: FROM "DECISION" OF COURT: NOTICE MUST BE SPECIFIC. An appeal to this court may be general,—from all judgments and decisions of the case from which appeals may be taken, or it may be specific—from a particular judgment or decision; and the notice of appeal must state from what the appeal is taken,—whether from the whole case, or some specific part thereof, naming it. And in this case, where the notice stated that the appeal was taken from "the decision" of the district court at a given term, *held* that the word "decision" meant an adjudication other than a final decision; and since there were many such decisions, it is impossible to say which one was meant, and therefore the appeal must be dismissed.

*Appeal from Winneshiek District Court.*—HON. C. F. GRANGER, Judge.

FILED, JANUARY 25, 1889

ACTION upon a promissory note. The case was tried to a jury, and a judgment had for plaintiff upon direction of the district court. Defendants appeal.

*Levi Bullis*, for appellants.

*Willett & Willett* and *Walter E. Akers*, for appellee.

BECK, J.—An amended abstract, which is not denied, shows that the notice of appeal discloses that defendant appeals from the decision of the district court made at an adjourned term in November, 1887. Appeals may be taken to this court from judgments and decisions of the district court. Code, sec. 3163. A judgment is a final adjudication of the rights of the parties. *Id.*, sec. 2849. A decision is an adjudication of a question submitted to the court. It may be of intermediate matters, or it may be of questions finally disposing of the case. From all decisions involving the merits and materially affecting the final judgment appeals may be taken; and a decision affecting a substantial right and other decisions specified may be appealed from. *Id.*, sec. 3164. But many decisions made in a case cannot be appealed from. An appeal is taken by service of a notice stating the appeal from the case, or from some specific part thereof. *Id.*, sec. 3178. It appears that an appeal may be general, from all judgments and decisions of the case from which appeals may be taken, or it may be specific, from a particular judgment or or decision. In the case before us it is not general, for it is from "the decision" at a certain term, and it is not from a final decision and judgment. We cannot hold that the appeal is from the final judgment. The language of the notice does not so declare, and will not bear an interpretation to that effect.

The word "decision" used in the notice means an adjudication other than a final decision. But there

were many decisions of that character. Appellants have failed to indicate in their notice what decision they appeal from. We cannot say that they appeal from all decisions. The notice of appeal is fatally defective. Plaintiff's motion to dismiss the appeal must therefore be sustained. DISMISSED.