M. BURGIT, Appellant, v. WILLIAM CASE, Intervenor, Appellee. ·

Practice: DISTRICT COURT RULES: COPIES OF PLEADING: TIME FOR FILING. Where a motion for a new trial was regularly filed upon the last day of the term, but no copy thereof was filed until three days before the first day of the next succeeding term of court, *held*, that the rule of the district court, that "every party at the time of filing any petition * * * or motion * * * shall file with the same one plain copy thereof," was not complied with, and that upon the motion of the adverse party the paper was properly stricken from the files.

*Appeal from Humboldt District Court.*—HON. LOT THOMAS, Judge.

TUESDAY, OCTOBER 27, 1891.

THIS is a proceeding for the appropriation of money in the hands of a garnishee. There was a trial by jury, and a verdict and judgment in favor of the intervenor. The plaintiff appeals.—*Affirmed.*

*R. M. Wright*, for appellant.

*C. A. Babcock*, for intervenor and appellee.

ROBINSON, J.—On the fifteenth day of October, 1887, the plaintiff, who was then the owner of a judgment against the defendant S. L. Stevenson, caused one E. E. Chase to be garnished as a supposed debtor of Stevenson, and required him to appear and make

answer in the district court of Humboldt county on the first day of the next term, which commenced on the twenty-sixth day of the next month. On that day William Case intervened, and filed a petition, in which he claimed to be entitled to the money in the hands of the garnishee, and demanded that it be paid to him. The plaintiff filed an answer to the petition of intervention, in which all right of the intervenor to the money was denied. The verdict of the jury was returned on the twenty-eighth day of November, and, by stipulation of the parties, the plaintiff was allowed time until the second day of December in which to file a motion for a new trial. On that day the motion was filed, but no copy thereof was filed with it until the twenty-fifth day of January, 1890. The November term of court ended on the day the motion was filed, and the next term commenced on the twenty-eighth day of January, three days after the copy of the motion was filed. On the third day of February the intervenor filed a motion to strike from the files the motion for a new trial, on the ground that a copy thereof was not filed with the motion at the time it was filed. On the sixth day of February the motion to strike was sustained, and judgment was rendered on the verdict.

The question we are required to determine is whether the action of the court in sustaining the motion to strike was erroneous. The rule of practice in regard to copies adopted by the convention of district judges, held in Des Moines on the fifth day of January, 1887, is as follows: "Every party at the time of filing any petition, answer, reply, demurrer or motion, except a motion for continuance or change of venue, shall file with the same one plain copy thereof for the use of the adverse party, and on failure to do so the cause may be continued, at the option of the adverse party, or the paper so filed stricken from the files. A fee of ten cents per hundred words shall be allowed for all copies, and taxed with the costs. The original files shall be

taken from the clerk's office, only on order of the judge,
by leaving with the clerk a receipt for the same." The
appellant contends that the copy required by the rule
need not be filed on the day the original is filed, but
that it is sufficient if it is on file when it is first called
for by the party for whose use it is designed, and relies
upon the case of *Wilkins v. Troutner*, 66 Iowa, 557, as
an authority supporting his claim. In that case a pro-
vision of chapter 185 of the Acts of the Eighteenth
General Assembly that an "affidavit shall be filed with
the original papers," showing certain facts, before an
attorney's fee shall be allowed by the court, was con-
strued, and it was held that the provision did not
require the affidavit to be filed at the same time that
the original papers were filed, because they are usually
filed at different times for other reasons, but that it
must be on file at the time the petition is required to be
filed. The decision of the court was based in part
upon certain provisions of the act construed, and upon
reasons which have no application to the case under
consideration; but, so far as the decision is applicable
to this case, it is an authority against the claim made
by the appellant. The rule requiring the filing of
copies was designed to preserve the records of the court
by making their removal for examination unnecessary,
and to aid the parties for whom the copies are designed
in examining the case and preparing for trial. It
would frequently happen, no doubt, that the purpose
of the rule would be in most respects accomplished
were the copies allowed to be filed after the originals;
but to hold that copies may be so filed where substan-
tial prejudice has not resulted from the delay would
require the trial court to examine each case of that
kind where objection is made, and determine whether
prejudice has resulted from the delay, and, if it has,
whether it is so great as to require the original paper
to be stricken from the files. It is manifest that such
a practice would lead to great confusion and uncer-

tainty in the trial of causes.  In our opinion the rule under consideration does not authorize it.  It provides that "at the time of filing" the original paper the party filing it "shall file with the same" a copy thereof for the use of the adverse party.  The language is too plain to permit the construction contended for by the appellant.  It was adopted by due authority of law, and the district court had the power to enforce it by striking the motion filed in violation of its provisions from the files, on the application of the intervenor.

The judgment of the district court is AFFIRMED.