D. Y. SEARLES, Appellant, v. HERMINIA LUX, Appellee; SAME v. NIC. WAGNER et ux., Appellees; SAME v. VALENTINE MUCKSTRUM et al., Appellees; DANIEL SWEENY, Appellant, v. GEM RESTAURANT et al., Appellees; D. Y. SEARLES, Appellant, v. D. ALMINDINGER et al., Appellees; SAME v. A. GANTZ et al., Appellees.

| 86 | 61 |
|---|---|
| e89 | 606 |
| 86 | 61 |
| 104 | 386 |
| 86 | 61 |
| 113 | 636 |
| 86 | 61 |
| 129 | 243 |
| 86 | 61 |
| f135 | 749 |

1. **Appeal:** NOTICE: FORM. A notice of appeal reciting that, the party named has "appealed from the judgment of the district court in this case," is sufficiently specific to indicate that it is the final adjudication in the cause that is appealed from.

2. **Practice in Supreme Court:** RECORD: DISMISSAL OF APPEAL. An appeal will not be dismissed in the supreme court because of the enumeration in the appellant's abstract of the titles of numerous other cases intended to be submitted with the case of which a record is presented, where there is no showing of prejudice to the appellee, and the titles are so separated as to avoid confusion.

3. **Intoxicating Liquors:** NUISANCE: APPEAL: TRANSCRIPT: COSTS. In proceedings under chapter 66 of Acts of the Twenty-first General Assembly for the abatement of a saloon nuisance, brought by a resident of the county, the plaintiff is not required, in the event of an appeal by him to the supreme court, to pay or secure the clerk of the district court his fees for a transcript.

4. **Practice:** DISTRICT COURT RULES: PETITION: COPY: CONSTRUCTION. The rule of the district court providing that, in case of the failure of a party to file with his petition a plain copy thereof for the use of the adverse party, "the cause may be continued at the option of the adverse party, or the paper so filed stricken from the files," does not give to the defendant an option to have a petition so stricken; the right to strike rests in the discretion of the court, and should be exercised only when its refusal would result in prejudice to the defendant. The fact that a copy of a petition, required by law to be verified, does not show that the same is sworn to, will not warrant the exercise of the right.

5. **Practice in Supreme Court:** SUBMISSION OF CAUSES: AGREEMENT BETWEEN COUNSEL: EVIDENCE. An affidavit of an attorney in a cause will not be considered by the supreme court in proof of an oral agreement between counsel for the joint submission of several causes upon the record in one case.

*Appeals from Des Moines District Court.*—HON. CHAS. H. PHELPS, Judge.

SATURDAY, MAY 28, 1892.

PROCEEDING to abate a saloon nuisance. The district court sustained a motion to strike the petition from the files, and the plaintiff appeals.—*Reversed.*

*F. J. Trulock,* for appellant.

*S. L. Glasgow,* for appellee.

GRANGER, J.—There is a motion to dismiss the appeal, based on several grounds which will be noticed.

I. The notice of appeal is as follows:

"D. Y. Searles v. Herminia Lux. To said defendant and S. L. Glasgow, her attorney, and W. D. Inghram, clerk: You are hereby notified that plaintiff has appealed from the judgment of the district court in this case.

1. APPEAL: notice: form.

"F. J. TRULOCK,
"Attorney for plaintiff.

"January 13, 1891."

Service of the notice was accepted by the attorney for defendant and by the clerk. The objection to the notice is that it "does not state what judgment is appealed from, when it was rendered, or otherwise sufficiently identify the act or acts of the court sought to be reversed." The notice says: "Plaintiff has appealed from the judgment of the district court." The point made in argument is that it does not state

what judgment; and the case of *Weiser v. Day*, 77 Iowa, 25, is cited as showing that the notice is not sufficiently specific. The cases are not alike. The appeal in that case was from a "decision," of which in a case there may be many. There is usually but one final adjudication or judgment as to the same party, and where the appeal is from the judgment we assume that it is from the judgment as defined by the Code, "the final adjudication of the rights of the parties." Code, sec. 2849. The notice in that respect is sufficient See *Geyer v. Douglass*, 52 N. W. Rep. 111.

II. Preceding the abstract of the case above entitled are two leaves bound with the abstract, giving the title of this and of other cases, in four

2. PRACTICE in supreme court: record: dismissal of appeal.

of which is the same plaintiff as in this case, and in one Daniel Sweeney is plaintiff, but the defendants are all different. These titles are all on the front page, and opposite the title in this case are the words: "These cases are submitted together." On the second and third pages are the titles of the cases other than this case, and below each title are the names of the papers filed in the case, as "petition," "motion to strike," etc., and after the name of each paper are the words, "Same as in Lux Case." On the fifth page commences the abstract in this, "the Lux Case," with a title page in the usual form. The fact that the abstract "enumerates divers cases not set out in the abstract" is made a ground of the motion to dismiss the appeal. The other cases were placed there with a view to their being submitted on the same abstract and argument. Even though that may not properly be done, there is no prejudice resulting to justify a dismissal of the appeal in this case. The titles are so separated as to avoid confusion, or even inconvenince.

III. The third ground of the motion to dismiss is that it does not appear from the abstract that the clerk

was paid or secured his fees for a transcript, as provided by the Code. This action is brought by a citizen of the county, under the provisions of chapter 66 of Acts of the Twenty-first General Assembly. Section 2, chapter 73 of Acts of the Twenty-second General Assembly provides that "in any action brought by a citizen of the county, as provided by section 1, chapter 66 of Acts of the Twenty-first General Assembly, no officer or witness shall be entitled to demand his fees for services or attendance in advance; and the costs, in case of failure of the prosecution or inability to collect the same from the defendant, shall be paid in the same manner as provided by law for the payment of fees in the case of criminal prosecutions." The citizen of a county instituting this kind of a proceeding is not liable for the costs, except where he is adjudged to have acted "maliciously and without probable cause." The clerk had no right to demand his fees for the transcript in advance, nor was the plaintiff required to pay or secure them. They are provided for the same as in criminal cases. The case of *Loomis v. McKenzie*, 57 Iowa, 77, has no application.

3. Intoxicating liquors: nuisance: appeal: transcript: costs.

One other reason for dismissing the appeal is urged in argument, but it was not made a ground of the motion, and we do not consider it, and the motion to dismiss the appeal is overruled.

IV. The petition is in the usual form. The court sustained a motion to strike it from the files because the copy filed for the use of the defendant did not show that it was sworn to before a notary public having a seal, etc. At the time of submitting the motion to strike, the plaintiff offered to cure the defect by filing a sworn copy, which the court refused, and sustained the motion. The following is a rule of the district courts of the state as adopted by the convention of district

4. Practice: district court rules: petition: copy: construction.

judges:

Rule 1: "Every party, at the time of filing a petition, * * * shall file with the same one plain copy thereof for the use of the adverse party, and on failure to do so the cause may be continued at the option of the adverse party, or the paper so filed stricken from the files."

The appellee has filed no argument on this branch of the case, and we are led to understand that the rule is construed to give the defendant, because of a defective copy of the petition, an option to have the cause continued or the petition stricken from the files; and, as the defendant asked for the latter, it was granted. We do not concur in such a construction of the rule. The party entitled to a copy, where it is not filed, can exercise an option as to the continuance of the cause,— that is, have it continued or not; but the rule does not give him the right to have the pleading stricken from the files. The right to strike the petition is discretionary with the court under the facts, and its exercise to strike should only be when to refuse would result in prejudice. No prejudice could result in this case, and the plaintiff should have been permitted to file a sufficient copy, and because of a refusal the judgment must be reversed.

V. Because of the objection to the record as to the other five cases, the plaintiff, in argument, only asks that they be continued. No motion or showing is made for that purpose. The causes seem to have been submitted by the appellant after all objections were on file, and with full knowledge of the situation. We cannot, under such a state of facts, continue these cases. There is an affidavit by the attorney for the plaintiff, to the effect that he orally agreed with the attorney for the defendants in the several cases to

5. PRACTICE in supreme court: submission of causes: agreement between counsel: evidence.

submit them together, and the agreement led to the preparation of the abstract as it is. There is no counter showing, and such an affidavit cannot be considered. The only evidence receivable to show such an agreement to bind a client is the statement of the attorney himself, his written agreement, or an entry of record. Code, section 213, subd. 2.

As to the five cases, there is nothing to show that this court has jurisdiction, and the appeals are dismissed. As to the case against Herminia Lux, the judgment is REVERSED.