NELLIE SMITH, Appellee, v. W. J. HARRINGTON *et al.*, Appellants; SAME v. TED KINNEY *et al.*, Appellants; SAME v. JOSEPH VOTREMBEK *et al.*, Appellants.

1. **Appeal:** REVIEW OF ORDER ON MOTION: RECORD. An order of the district court will not be reviewed by the supreme court where it appears that the evidence presented in the district court has not been preserved.

2. District Court Rules: COPIES OF PLEADINGS: DISCRETION OF COURT. Whether a pleading shall be stricken from the files because of the failure to file a plain copy thereof, as required by the rules of the district court, is a matter within the discretion of that court, and where, pending a motion to strike a petition because the copy thereof on file is blurred and illegible, the plaintiff filed a plain copy thereof, which filing was long before the trial, and the defendant was not prejudiced because of the character of the first copy, *held*, that the motion to strike was properly overruled.

*Appeal from Crawford District Court.*—HON. C. D. GOLDSMITH, Judge.

WEDNESDAY, JANUARY 17, 1894.

*R. Shawvan* and *E. R. Duffie,* for appellants.

*J. P. Connor,* for appellee.

KINNE, J.—These three cases present one and the same question. In each case, the plaintiff filed a petition claiming damages of the defendants by reason of their selling intoxicating liquors to her husband, and asking that the same be made a lien upon certain real estate. The plaintiff, at the time of filing the petitions, filed copies of the same with the clerk of the district court. On the same day the defendants filed a motion to strike the petitions from the files. The material part of said motion reads:

"The plaintiff has failed and neglected to comply with the rules of this court relating to the filing of pleadings in actions brought or pending herein, in this: She has failed to file a plain copy of the petition in this action for the use of the defendants. The pretended copy of the petition for the use of the defendants is so blurred and illegible as to be entirely useless to the defendants, and they are unable to read the same, or to make use thereof in preparing a pleading to meet the issues tendered by the petition, all of which will appear by reference to the copy of the petition filed by the plaintiff, which is hereto attached as

Exhibit A., and made a part of this motion, and also by the evidence of the clerk of this court, showing that the copy hereto attached is the copy, and the only copy, of the petition filed herein by the plaintiff, which evidence the defendants hereby tender, and ask leave to introduce, by an oral examination of said clerk."

Thereafter, the court made the following order overruling said motions:

"And now, at this time, the motion of the defendants to strike the plaintiff's petition from the file, because no plain and legible copy of said petition has been filed therewith, coming on to be heard, whereupon the defendants offer the evidence of the clerk, and, after argument by counsel, said motion is submitted to the court, and pending a ruling on said motion the plaintiff having prepared and filed a copy of her petition which is plain and legible, the defendant's motion to strike the petition from the file is overruled; and the defendants object and except to said ruling, overruling their motion."

At a later day in the term the causes came on for a final hearing, and the defendants, failing to answer or plead, were defaulted, trial was had, and judgments entered in each case against the defendants. The defendants appeal, assigning as error the overruling of their motions, the allowing plaintiff to file copies of the petition, and proceeding to trial, and the rendition of the judgments against them.

I. The judgments below must be affirmed. This record does not show that the copies of the petitions 1. APPEAL: review first filed failed, in any respect, to comply of order on with the rule. It appears that evidence motion: rec-ord. of the clerk of the court was received. It was not preserved, and is not before us. We are justified, in the absence of the evidence, in assuming that it showed that the copies first filed sufficiently complied with the rule, and, therefore, the court properly

overruled the motions to strike. The fact of filing second copies is not, of itself, a confession of the motions. The ruling of the court does not determine that the first copies were not in compliance with the rule.

II. The motions in these cases were properly overruled for the reasons heretofore given, and ordinarily we should not say more; but counsel for appellant insist that there is some real or apparent conflict in the decisions of this court, wherein rule 1, governing practice in the district courts, is construed. The cases referred to are *Burgit v. Case*, 84 Iowa, 33, and *Searles v. Lux*, 86 Iowa, 61. We do not think there is any conflict in the construction of the rule as given in the two cases. The rule in question was adopted by the convention of district judges held in pursuance of the statute, and is as follows:

2. DISTRICT COURT rules: copies of pleadings: discretion of court.

"Every party, at the time of filing any petition, answer, reply, demurrer, or motion, except a motion for continuance or change of venue, shall file with the same one plain copy thereof for the use of the adverse party, and on failure to do so the cause may be continued at the option of the adverse party, or the paper so filed stricken from the files."

In the *Burgit case* the copy of the motion was not filed until some six weeks after the filing of the motion. It was contended by the appellant, in that case, that the rule was complied with, if the copy was filed when first called for by the party for whose benefit it was designed. In the opinion, the court shows that the result of such a construction of the rule might be to require an examination, in each case, to determine as to whether the failure to file the copy had worked any prejudice to the adverse party. The holding in the case is not that the adverse party could, at his election, have the case continued, or the pleading stricken from the files; but the full extent of the decision is summed up

in the closing words, that "the district court had the power to enforce it (the rule) by striking the motion filed in violation of its provisions from the files, on the application of intervenor." It is not said or held that the court was required to strike a paper filed, when no copy is filed, from the files. Its right to do so is maintained, but it is not held that the rule enjoins such a duty on the court, at the option of the adverse party. The discretion of the district court was not considered, in that case, at all.

In the *Searles case*, the discretion of the district court was discussed and passed upon, and the construction of the rule therein adopted was, in effect, that the party might, at his option, have the case continued, or not, and that he could not insist upon the paper being stricken from the files; that that was a matter discretionary with the court, under the facts; and that "its exercise to strike should only be when to refuse would result in prejudice."

It thus appears that there is in fact no conflict, real or apparent, between the two cases, when we consider just what was determined and discussed in each case. The last case holds, as the first one does, that the court may strike the pleading from the files; and in the last case another question is also considered, as to whether the court is required to strike the pleading at the instance of the adverse party. We are content with the construction of the rule given in the *Searles case*, which, as we have said, is not in conflict with the holding in the other case. The court properly exercised its discretion, in refusing to strike the petition from the files. Plain copies were filed long before the trial of the cases, and there is no pretense that the defendants were in any way prejudiced by the fact that the copies, which were in fact filed with the petitions, were not plain and legible, if such was in fact the case. In any view, the action of the court was correct, and the judgments below will be AFFIRMED.