BANKERS' IOWA STATE BANK AND EARLE & PROUTY v. W. N. JORDAN *et al.,* Defendants. A. DAVEY *et al.,* Interveners, Appellants.

**Attorneys Fees:** SEPARATE NOTES. Under Code, section 3869, providing that in an action on a written contract providing for attorney's fees the amount allowed shall be fixed according to a specified graduated scale, where a judgment was entered on several notes declared on in separate counts of a petition, and executed at different times, it was proper to compute attorney's fees on each note separately, rather than on the total amount of the notes, though by such method of computation the allowance was increased.

RETURN DAY. The second day of the term for which a suit is brought is return day, within Code, section 3869, providing that one-half the amount specified therein for attorney's fees shall be allowed if the money sued for is paid before return day, and three-fourths if paid after return day.

**Retaxation of Costs:** ATTORNEY FEES. Code, section 3862, providing that the clerk may tax certain costs, and any other sum which the court may have awarded as costs, includes the taxing of attorney's fees, and hence they may be retaxed by the court, on motion.

*Appeal from Jasper District Court.*—HON. A. R. DEWEY, Judge.

FRIDAY, MAY 11, 1900.

PLAINTIFFS brought action against defendants Jordan, R. A. Scott, assignee, and others, upon five promissory notes, each of which was declared upon in a separate count of the petition. Afterwards Davey and others, intervened, alleging they were the owners of the notes sued upon, subject to the claim of plaintiffs, who, it is averred, held such paper as collateral security only. Subsequently judgment was rendered in plaintiff's favor for the amount due on the notes, with an attorney's fee of one hundred and eighty-three dollars and forty cents, the latter amount being made up by computing the per cent. allowed by law upon each note separately. Thereafter a motion was filed by interveners to retax costs so far as attorney's fees were concerned, because the amount so allowed was excessive. The court held, on this motion, that in the computation of attorney's fees plaintiffs were entitled to the per cent. provided by law calculated upon each note separately, they having been given at different times, and being payable at different dates. The court also held the "return day," as the phrase is used in this statute, to be the second day of the term for which the action was brought. The judgment was rendered in August, 1897. Interveners and the assignee appeal from the holding that the attorney's fees should be taxed sepa-

rately on each note, and plaintiffs appeal from that part of the order fixing the return day. Interveners and the assignee will be recognized as appellants.—*Affirmed*.

*H. S. Winslow* and *W. O. McElroy* for appellants.

*Earle & Prouty* for appellees.

WATERMAN, J.—The motion to retax costs was made at the term following that at which the judgment was rendered, but notice of it was not given plaintiffs until July, 1898. Appellees insist that the motion was too late; that the costs which the court is authorized to retax on motion are only those which are provided for in section 3862, Code, and which are to be assessed in the first instance by the clerk. If it be true that only the costs referred to in this section can be, retaxed on motion, it does not follow that appellees are right in the position taken, for the section after mentioning certain items which the clerk is to tax, concludes as follows: "And any further sum for any other matter which the court may have awarded as costs in the progress of the action, or may allow." This would include an attorney's fee which had been fixed by the court, for the clerk taxes these as well as other costs, although the amount is determined by the court. In an action on a written contract the court may fix the attorney's fees without taking evidence. *Cook v. Gilchrest,* 82 Iowa, 277. In such case no element of judgment or discretion is involved. The matter of fixing the fee is as purely formal as the act of the clerk in computing the number of words in a pleading in order to tax a copy fee. There does not appear any good reason, in a proceeding of this kind, for distinguishing between attorney's fees and other taxable costs. The motion to retax was proper. The delay in serving notice of the motion should not prejudice appellants' rights, for the trial court found that plaintiffs' coun-

sel had previous knowledge of the filing of the motion, and agreed to take it up without requiring service of notice.

II.   We come next to consider the manner in which the attorney's fee should be computed.   Our statute (section 3869) provides that in an action on a written contract providing for attorney's fees the amount allowed shall be ten per cent. on the first two hundred or fractional part thereof, five per cent. on the next three hundred dollars, three per cent. on the excess of five hundred dollars up to one thousand dollars, and one per cent. on all over the latter amount.   The question we have to determine is whether the computation should have been made on the total amount claimed, taken in bulk, or whether it was proper to consider each note separately, and allow the per cent. upon the different amounts due thereon.   It is manifest that this latter method, which was pursued by the trial court, materially increased the attorney's fees. Whatever the rule might be, if these notes were a series given at the same time, and constituting together but a single transaction, we think it clear that where the notes, as in this case, are given at different times, each constitutes a separate, written contract, and the statute provides for the allowance of the fee at the rate specified when "judgment is recovered upon a written contract."   This, we think, means that each written contract is to be considered by itself, and the computation made upon it separately.   It is true all of these notes might have been united in a single count of the petition.   *Stadler v. Parmelee*, 10 Iowa, 23; *Merritt v. Nihart*, 11 Iowa, 57; *Ragan v. Day*, 46 Iowa, 239.   This, however, is a mere rule of pleading, and in nowise destroys the separate identity of each note.   An action might have been brought upon each note.   Had this been done, it seems manifest the attorney's fee would have been computed upon each of them.   We discern no reason for saying that the form of the action or manner of suing should affect

the amount to be allowed. The trial court correctly computed the fee.

III. The section relating to attorney's fees, to which we have made reference, provides that on money paid after suit brought and before return day one-half the per cent. mentioned above shall be allowed, and on payments made after return day three-fourths of such per cent. Certain payments were made in this case after suit was brought, and it becomes necessary to determine whether they were made before or after return day. The trial court held the second day of the term for which the suit was brought to be the return day, and made its computation on that theory. Plaintiffs contend that, as the original notice must be served ten days before the first day of the term, the last day of service should be deemed the return day, and cite *Wilkins v. Troutner*, 66 Iowa, 557, in their support. Some language used in the opinion in that case sustains the claim made, but it was wholly unnecessary to a decision of the issues involved, which related only to the time when the affidavit, which is the basis for attorney's fees, should be filed. "Return day" is the day appointed by law when writs are to be returned and filed. Bouvier, Law Dictionary. While our statute provides for the return of original notices, no time is fixed for so doing. To say they are to be returned on the last day of service, might, in some instances, require an impossibility. There is no apparent necessity for their return before the time when the court may be called upon to take some action in the case, and this would be the second day of the term, or default day, which must be regarded as "return day" within the meaning of this statute. For the reasons given, it is obvious that on both appeals the judgment of the district court must be AFFIRMED.