McBRIDE *v.* UNITED STATES (No. 183). BISCHOFF *v.* UNITED STATES (No. 184).[1]

TREASURY REGULATIONS CONCERNING WORKS OF ART IMPORTED FOR PRESENTATION.
By the tariff act of 1897, the Treasury Department was duly and lawfully authorized to prescribe regulations governing the allowance of exemptions from duty on works of art imported expressly for presentation; and the requirement in that act that there should be filed with the entry of such works of art an affidavit showing the importation to be of the kind contemplated by the statute must be taken to mean the affidavit so prescribed should have been filed at the time entry was made and not later.

United States Court of Customs Appeals, February 27, 1911.

APPEALS from decisions of the Board of United States General Appraisers (T. D. 30164 and Abstract 22512, T. D. 30234).
[Affirmed.]
*Brown & Gerry* for appellants.
*D. Frank Lloyd,* Assistant Attorney General (*Charles E. McNabb* on the brief), for the United States.

Before MONTGOMERY, HUNT, SMITH, BARBER, and DE VRIES, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:
These two cases were heard together. The merchandise under consideration in each case consists of altars, shrines, and pulpits with

---

[1] Reported in T. D. 31354 (20 Treas. Dec., 411).

statuary, railings, etc., imported for presentation to various Roman Catholic Churches. It was assessed for duty in part at 50 per cent ad valorem as manufactures of marble under paragraph 115 of the tariff act of July 24, 1897, and in part at 15 per cent ad valorem as statuary under paragraph 454 of section 3 of said act. It is claimed on the part of the appellants to be free of duty under paragraph 703 as works of art, expressly for presentation to incorporated religious societies. The Board of General Appraisers found that the articles, with the exception of the communion rail for one of the churches, are works of art, but held that duty was properly levied for the reason that the showing that they were imported for presentation to a religious corporation required by the Treasury regulations was not made at the time of the importation, and that a failure to comply with these regulations precludes the importers from now claiming the benefit of free entry. If the board was right in this ruling, other questions presented in the case become unimportant.

The paragraph of the statute reads as follows:

703. Works of art, the production of American artists residing temporarily abroad, or other works of art, including pictorial paintings on glass, imported expressly for presentation to a national institution, or to any state or municipal corporation, or incorporated religious society, college, or other public institution, except stained or painted window glass, or stained or painted glass windows; but such exemptions shall be subject to such regulations as the Secretary of the Treasury may prescribe.

Acting under authority of this section to make regulations relating to such importation, the Secretary of the Treasury prescribed article 720 of the Customs Regulations of 1908, which reads as follows:

ART. 720. *Presentation to Institutions.*—Works of art, including pictorial paintings on glass, imported expressly for presentation to any national institution, or to any state or municipal corporation, or incorporated religious society, college, or other public institution, may be admitted to entry free of duties, upon the filing with the entry of an affidavit by the importer showing that the articles were expressly imported for presentation to the institution named in the entry, together with letters of presentation and acceptance from the donors and donees, respectively.

The documents required by this regulation were not filed at the time the entry was made, and not until after liquidation had occurred. The customs officers were not afforded the opportunity therefore of determining in the first instance whether the goods were dutiable except as such determination was based upon the entry made. On the hearing before the board such papers were as to most of the importations supplied. The contention of the importer is that it is not necessary under this regulation that the letters of presentation and

acceptance from the donor and donee and affidavit required by this regulation shall be filed at the time of the entry, but that they may be filed later. The board held that the regulations should be construed to require the filing of the affidavit and letters of presentation and acceptance from the donors and donees, respectively, at the time of making the entry. There seems to be no contention but that the word "entry," as used in this connection, has the meaning ordinarily attributed to it in customhouse speech, and refers to the document which is required to be made and filed with the collector as preliminary to the entry of the goods.

What is the meaning to be attributed to the words "upon the filing with the entry?" If we take notice of what is to follow upon the filing with the entry of the required papers, it will be seen that it is an act of the collector which is to take place prior to liquidation. He is expected to pass upon the importation and to liquidate the entry, and the goods are to be admitted free of duty upon the filing with the entry of an affidavit by the importer and the other requisite papers. Obviously these papers must be before the collector for action, and they must be filed at a time which will admit of his taking such action. Otherwise it must be held that the usual function of the collector of liquidating the duties in such a case is one which may be ignored by the importer, and a showing subsequently made for original action by another tribunal. This is a construction of the regulation not to be accepted except upon extremest necessity. If there were doubt about this construction as based upon the usual course in proceedings before customs officers, article 721, immediately following the above section, makes it clear that such showing as is to be made is to be made to the customs officers. That article provides:

All such articles shall be examined by customs officers, and if found to be works of art within the meaning of the law and the collector and naval officer, if any, shall be satisfied that they were imported expressly for presentation to and were accepted by the institution the entry shall be liquidated free of duty.

This clearly imposes upon the customs officer the duty of passing upon the affidavit and letters provided in section 720, and as clearly imports that these documents shall be before him before liquidation shall take place.

In view of these provisions, it is not difficult to place a construction upon this language, "upon the filing with the entry." We think it is too clear to need discussion that what is meant by this language is that at the time the entry paper is filed there shall be filed with it the affidavit and letters provided for. Even if a technical view be taken, this is the only time when the importer has it within his power to file

the affidavit with the entry. The entry having gone beyond his control when filed with the collector, it would not longer be possible for him, the importer, to file any other paper with the entry. The collector might do this, but the importer could not, and it is very clearly an act of the importer which is required by the language which is employed in this regulation.

But more than this, in the ordinary meaning of the term "filing with" we think, in ordinary understanding, it implies not necessarily attaching to, but filing at the same time. Cases are not wanting to support this view, and they are cited in the brief of the Government. See Hossler v. Hartman (82 Pa. St., 53). A case arose in Iowa under a statute providing that before an allowance of attorney's fees should be made by the court, the court should be fully satisfied by affidavit of the attorney engaged in the cause, which affidavit "shall be filed with the original papers," that there has been no agreement between the attorney and any other person to divide the fee. It was held that this required that the papers should be filed at the same time with the original papers. Wilkins v. Troutner (66 Iowa, 557; 24 N. W., 37).

The language employed by the court in deciding the case is peculiarly appropriate:

The statute uses the expression "filed with the original papers." It is said that "with" is not synonymous with "at the same time." Ordinarily this may be so, but we think it must be so construed in the statute under consideration. If this is not so, then the statute is meaningless, unless it can be said that the affidavit may be filed with—that is, placed among—the original papers, and filed at any time after judgment; and clearly this is not the intent of the statute.

It is equally clear in the present case that it could not have been the intention of this regulation that the papers offered for the purpose of showing that this importation was entitled to free entry should be filed after the customs officers have acted upon the entry and liquidated the same. Cases may be cited in which the words "filed with," under the peculiar wording of the statute or rule, have been held not to require that they should be filed at the same time. See Hummert v. Schwab (54 Ill., 142). But no case has been found treating of a regulation of statute such as that under consideration which militates against the views we have above expressed.

That the power to prescribe regulations of the character involved in these proceedings may be granted to the Secretary of the Treasury is well settled. See Lunham v. United States, *supra*, p. 220 (T. D. 31258), and cases there cited.

It necessarily follows from the foregoing conclusion that the decision of the Board of General Appraisers in each of these cases should be *affirmed*.