EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Appellant, v. HERBERT A. COLE et al., Appellees.

No. 41279.

APRIL 5, 1932.

Penningroth & Holmes and Boardman & Cartwright, for appellant.

E. N. Farber, for Herbert A. and Lida A. Cole, appellees.

Bryant & Bachman, for Iowa Savings Bank, appellee.

STEVENS, J.—The original notice of the commencement of this action was served upon appellees, the makers of the note, at 9 :30 on the morning of September 24, 1930. The petition was filed on the same day but at a later hour. The petition was ac-

companied by the affidavit required by Section 11646 of the Code of 1931 to be filed, which, so far as material, is as follows:

"The attorney's fee allowed in sections 11644 and 11645 shall not be taxed in any case unless it shall appear by affidavit of the attorney, filed with the petition at the commencement of the action, * * *."

The affidavit in form and substance complied with this statute. The decree of the court recites:

"That the original notice of suit was served upon the defendants Herbert A. and Lida A. Cole prior to the filing * * * of the petition and affidavit for attorney fees and that, therefore, plaintiff is not entitled to have any statutory attorney fees taxed as costs herein."

A single question is presented for review, viz: May the affidavit for attorney's fees be filed with the petition subsequent to the service of the original notice or must the petition with affidavit be filed prior thereto?

The original enactment, which was Section 3, Chapter 185, Laws of the 18th General Assembly, has been slightly changed. As first enacted, it read as follows: "* * * Before any allowance * * * affidavit shall be filed with the original papers, * * *." The change was made when the Code of 1897 was adopted. Section 3870. No subsequent change has been made.

This court in Wilkins v. Troutner, 66 Iowa, 557, construed the language of the original enactment and held that the affidavit must be filed when the original petition is filed. We held to the same effect in Sweney v. Davidson, 68 Iowa 386. Subsequently, the court held that in actions in which the affidavit was filed more than one year after the petition, it did not comply with the statute and that no attorney fees could be taxed. State Bank of Williams v. Gish, 167 Iowa 526. It is true that the filing of the petition is not the commencement of the action. Actions upon a promissory note are commenced by the service upon the defendant of an original notice upon the defendant, except that it is provided in Section 11012 that the delivery of the notice to the sheriff shall be deemed the commencement of the action where the statute of limitations is involved. Section 11055,

Code, 1931. The petition, unless otherwise specifically required, need not then be on file.

If there is ambiguity in Section 11646, it is because of the words "at the commencement of the action" found therein. The filing of the petition is not the commencement of the action. The petition is filed in the office of the clerk of the district court by that officer. The original notice is served on the defendant by the sheriff or other officer or person competent to make such service. The act of filing and the act of serving the notice are separate and distinct, and performed by different officers. The two acts cannot, ordinarily at least, be performed simultaneously, and there is nothing in the statute indicating that the legislature contemplated that the petition must first be filed. So far as the court is advised, such has never been the practice. No reasonable purpose would be served by such technical procedure. We think, manifestly, that the legislature never so intended.

It is, we think, obvious that the full purpose of the statute is met if the affidavit for attorney's fees is filed with the petition. So far as the office of the clerk is concerned, this may well be deemed the commencement of the action.

In so far as the judgment denied the allowance of attorney fees for appellant's attorneys it must be reversed and the cause remanded to the district court with directions that same be allowed and taxed as costs in the usual way.—Reversed and remanded.

WAGNER, C. J., and FAVILLE, DE GRAFF, and ALBERT, JJ., concur.