L. A. ANDREW, Superintendent of Banking, Receiver, Appellee, v. GRAVITY STATE BANK of Gravity, et al., Appellants.

No. 41438.

NOVEMBER 15, 1932.

REHEARING DENIED MAY 6, 1933.

Henry Read, for appellant.

Frank Wisdom, for appellee.

DE GRAFF, J.—L. A. Andrew, superintendent of banking of the state of Iowa, was appointed receiver of the Gravity State Bank of Gravity, Iowa, on July 3, 1930, by reason of the insolvency of said bank. The trial judge in and for Taylor county adjudged that the bank was insolvent. This action in equity was commenced by the plaintiff-receiver to enforce the statutory liability of a 100 per cent assessment against the stockholders of said bank, one of whom was the defendant-appellant Henry Read who owned 48 shares of par value of $100 per share. The defendant Read filed a motion to dismiss and strike the petition from the files and as grounds therefor stated:

(1) That the original notice of the above-entitled action which was served upon Henry Read, the defendant, on July 20, 1931, stated that plaintiff's petition was then on file in the office of the clerk of the district court of Taylor county, when in truth and in fact it was not then on file; (2) that there was not filed with the clerk of the district court of Taylor county a plain copy of plaintiff's petition for the use of the defendant, and there has not been up to this time such a copy filed as provided by section 11124 of the Code of 1927.

On hearing of this motion the same was overruled and of this ruling the defendant Read complains and alleges reversible error.

The complaint is made by the appellant Read that the docket number of this cause was No. 1149, and that, by reason of the loss of the original petition in said cause and the substitution of plaintiff's copy thereof, the trial court ordered the petition to be taken out and re-entered upon the appearance docket as cause No. 1206. The order of the trial court in the premises reads as follows:

"Now, to wit, on the 16th day of April, 1931, the above entitled action comes on for orders by this court, that the plaintiff appears by his attorney Frank Wisdom and it being made to appear to the satisfaction of the court that the original files kept in the office of the Clerk of the District Court have been lost or misplaced, and cannot be found, the plaintiff is hereby directed to file in the office of said Clerk of the District Court a copy of the original petition and a copy of original amendment thereto and when so filed the same is substituted for said original petition and shall have the same force and effect as if filed at the time said original petition was filed."

The entries upon the appearance docket show that on July 2, 1930, in cause No. 1149 there was filed "petition and copy." This was the petition asking for the appointment of plaintiff as receiver. The record further discloses that on July 20, 1931, personal service was had upon Henry Read of the assessment petition. The original notice in the district court of Taylor county directed to the defendant Henry Read notified him that he was the owner of capital stock in the Gravity State Bank, a corporation, and that said bank had been duly adjudged insolvent by the district court, and that, at the time of such insolvency and when plaintiff-receiver took possession thereof, all of the assets of said bank were insufficient to pay the debts and obligations due to depositors and others, and that, after all of its said assets are exhausted, there will still be a deficiency of $50,000, and that it was necessary to levy an assessment of 100 per cent upon each of the shares of stock of said bank to meet said obligations. In said original notice the plaintiff asked a several judgment against the defendant Henry Read in the sum of $4,800 and unless "you appear thereto and defend before noon of the 2nd day of the next regular August term of court to be held at Bedford in Taylor County, Iowa, commencing on the 24th day of August, a default will be entered against you and decree rendered thereon as prayed."

On the hearing of defendant's motion to dismiss the action of the plaintiff-receiver and to strike from the files the petition of the plaintiff on the grounds heretofore stated, the trial judge (Homer A. Fuller) inquired: "To what case does the original notice served on Henry Read on July 20, 1931, refer? Is it case No. 1206? There is no number on the original notice and case No. 1206 is differently entitled?" To which question plaintiff-receiver's attorney made answer: "That is the same case." Question by the court: "In what case is Henry Read required to appear?" To which question plaintiff's attorney answered, "No. 1206." The court further inquired at this point: "Are there two actions? No. 1149 is where a receiver was appointed and all orders entered in regard to proceedings are carried on. Is No. 1206 a separate suit against the stockholders of the bank for assessments?" To which plaintiff's counsel made answer: "We set up this petition against the Gravity State Bank and against all the shareholders. The other suit No. 1149 had not been against anybody but the bank. By mistake the Clerk filed the petition which should have been separately numbered in No. 1149. They took that petition and copy out of case No. 1149 and filed it separately as it should have been and gave it a new number and that is No. 1206. The petition in case No. 1206 was filed August 14, 1930. On May 2, 1931, there was a decree by Judge Maxwell rendering judgment against two shareholders and contains a dismissal as to other shareholders." The presiding judge (Judge Fuller) then asked: "If I understand the matter correctly, a petition had been on file on or before the time of service of this notice of July 23, 1931, against a large number of defendants and decree was entered in this case on the 2nd day of May 1931 as to two defendants and in the decree it provided for a dismissal as to a large number of other defendants, and it further provided in the decree for a continuance of the cause as to other defendants against whom no action had been taken. That would leave this cause of action still pending against any defendant against whom decree had not been taken or dismissal had not been entered. I think that the motion to dismiss and strike should be overruled and the defendant is given an exception and twenty days to plead." (This the defendant refused to do.) This order was entered September 15, 1931.

■ It may be pointed out that the act of the trial court in refusing to sustain the motion to strike plaintiff-receiver's petition, was a discretionary matter. Smith v. Harrington et al., 89 Iowa

603, 57 N. W. 413: Searles v. Lux, 86 Iowa 61, 52 N. W. 327. See section 11124, Code 1927.

The record further shows that on November 17, 1931, default was entered against Henry Read, and on November 19, 1931, there was entered against Henry Read a judgment for $4,800.

A motion to dismiss the instant appeal was filed by the receiver-appellee and a resistance thereto was subsequently filed by the appellant, but the motion was not filed within sufficient time prior to the submission of this cause under Rule 19 of this court regulating practice and procedure. The motion to dismiss the appeal is overruled.

The receiver, through his attorney, has filed in this case what is termed a "Certification by the Clerk of Taylor County, Iowa, of portions of the record." We have not considered same and the costs thereof are ordered taxed to the receiver.

The decree entered by the trial court is affirmed.

WAGNER, BLISS, CLAUSSEN, and ALBERT, JJ., concur.