UNITED STATES *v.* THOMAS (No. 770).[1]

EVIDENCE LACKING THAT GOODS WERE ANTIQUES.

The question is one of proper compliance with Treasury regulations governing the admission duty free of works of art produced more than 100 years prior to the date of importation. The collector assessed the goods for duty. The character of the affidavits of record, *ex parte* as these are, and unsupported as they are, does not warrant a reversal of the collector's action, presumably correct, as this must be considered.

United States Court of Customs Appeals, April 1, 1912.

APPEAL from Board of United States General Appraisers, Abstract 26777 (T. D. 31912).

[Reversed.]

*William L. Wemple,* Assistant Attorney General (*Charles E. McNabb* on the brief), for the United States.

No appearance for appellee.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

BARBER, Judge, delivered the opinion of the court:

There were imported at the port of San Francisco on the 2d day of September, 1910, two carved wooden columns, concededly works of art, and claimed to have been made in Italy more than 100 years before their importation.

Paragraph 717 of the tariff act of 1909 provides that such works of art shall be admitted free of duty if "produced more than 100 years prior to the date of importation, but the free importation of such objects shall be subject to such regulations as to proof of antiquity as the Secretary of the Treasury may prescribe."

Under the authority of paragraph 717 the Secretary of the Treasury had promulgated the following general regulations (see T. D. 29958):

Importers making entry of articles under said provision of law will be required to produce upon entry, in addition to the consular invoice required by law, the following evidence to show that such articles were produced more than 100 years prior to the date of their importation:

1. An affidavit of the ultimate consignee stating that he has investigated the origin and history thereof, and believes the same to have been produced more than 100 years prior to the date of their importation, which shall be substantially in the following form:

\*        \*        \*        \* ·        \*        \*        \*

2. A declaration of the foreign seller or shipper, certified by the United States consul at the place of shipment, stating the name of the producer of such articles and the date and place of their production, and also stating the name and residence of the person from whom and the date when such seller or shipper acquired the same; provided, however, that if such seller or shipper is not in possession of all such facts, he may state in lieu thereof such other facts as may be in his possession tending to show that such articles were produced more than 100 years prior thereto, which declaration shall be substantially in the following form:

\*        \*        \*        \*        \*        \*        \*

---

[1] Reported in T. D. 32385 (22 Treas. Dec., 583).

A careful examination of such articles should be made by the appraising officer to ascertain whether the same are works of art, or articles of the character provided for in said provision of law, and also whether the same were, in fact, produced more than 100 years prior to their importation, and his findings in such regard should be clearly stated in his return upon the invoice, which return and the collector's report thereon, together with all papers and affidavits pertaining to the entry, will be forwarded by the collector to the department for final determination.

Conformably thereto and in connection with the other papers required by law, the importer produced at the time of, and filed with, the entry the following affidavit of the ultimate consignee:

I, Eleanor J. Spreckles, do hereby declare that I am the owner of certain works of art, imported at the port of San Francisco, per Santa Fe Railroad, which arrived on the 1st day of September, 1910, consigned to me, under New York I. T. No. 7274, and that I have investigated the origin and history of said articles and verily believe the same to have been produced more than 100 years prior to their importation.

Also the following affidavit of the foreign seller or shipper:

I, Gesme S. Germond, of 34 Rue de l'Universite, Paris, France, do hereby declare that I am the ——— of certain articles, viz, * * * 2 colonnes sculptees covered by consular invoice No. 19442, certified before the American consul general at Paris, France, on the 27th day of July, 1910; that the said articles w— produced at Italy on the year 1750 and was acquired by me from Rudolph Spreckles on the 25th day of June, 1—, and I further declare that they are older than 100 years.

Each of which affidavits was duly signed and sworn to as required by the aforesaid regulations.

The appraiser in the performance of his duties found as a matter of fact that these two carved wooden columns were works of art, but were not 100 years old, which finding was approved by the collector of customs at the port of San Francisco. The papers in the case were then transmitted to the Secretary of the Treasury pursuant to the aforesaid regulations, who thereupon declined to authorize their free entry. The importer protested, the board sustained the protest, and the case is here for review.

The importer submits neither brief nor argument here.

The Government contends, among other things, that the affidavits of the ultimate consignee and the foreign seller or shipper are not a substantial compliance with the regulations, and that for that reason the judgment of the Board of General Appraisers should be reversed.

It may be doubted if by its assignments of error the Government has laid the foundation for this claim, and we dispose of the case upon other grounds.

Paragraph 717 provides that if these articles are works of art and have in fact been produced more than 100 years prior to the date of importation they are entitled to free entry, subject to such regulations as to proof of antiquity as the Secretary of the Treasury may prescribe.

An examination of these regulations shows that he has provided that importers seeking to make entry of articles under the paragraph

shall produce and file upon entry, in addition to the papers required in ordinary importations, certain affidavits tending to show their claimed antiquity; that thereupon the proper officers shall carefully examine the articles to ascertain whether the same were in fact produced more than 100 years ago, and submit their findings upon that question with the affidavits and all other papers pertaining to the entry to the Treasury Department for final determination.

We think the office of these affidavits is mainly to show the good faith of the importer in making the claim of antiquity and to afford to the customs officers an effective basis for investigation as to that claim, if they desire to make it, so that such officers may determine whether or not a prima facie case of antiquity has been made. It does not seem reasonable that the Secretary of the Treasury by these regulations designed to establish rules of evidence for litigating before the board or this court the question as to the fact of antiquity, if to be litigated, different or other than those applicable to other questions of fact.

It is settled that the reasonable regulations of the Secretary of the Treasury acting under authority of statute have the force of law. Lunham v. United States (1 Ct. Cust. Appls., 220; T. D. 31258) and cases cited. On the other hand, attempted regulations which defeat the purpose of an act, although ostensibly made pursuant to its authority, will not be upheld. Morrill v. Jones (106 U. S., 446).

The Supreme Court in the above case said:

The Secretary of the Treasury can not by his regulations alter or amend a revenue law. All he can do is to regulate the mode of proceeding to carry into effect what Congress has enacted.

The statute provides that articles produced more than 100 years prior to date of importation shall be entitled to free entry, subject to such regulations as to proof of antiquity as the Secretary may provide, but does not constitute the Secretary the sole tribunal to determine the fact of antiquity, which is, if the articles are works of art, the supreme test. We think one purpose of Congress manifestly was to authorize the Secretary of the Treasury to prescribe such reasonable regulations as to proof of antiquity as should be made at the time of entry and as prerequisite to the merchandise being so admitted, and not to authorize him to establish a new system of procedure with reference to the trial of the question of antiquity in the courts. This was evidently the understanding of the Secretary of the Treasury, and he has very properly provided for such preliminary statements and affidavits as tend to show not only good faith on the part of an importer, and antiquity on the part of the articles, but also put the customs officers in possession of certain facts which will enable them, if they desire, to investigate the claim of antiquity. The provision that the papers shall be forwarded to the Secretary for final determi-

nation is wholly consistent with this view both of the law and the regulations, as it can hardly be supposed that it was intended thereby to provide that the determination of the question of antiquity by the Secretary was final for all purposes. It is final in the first instance and for the purposes of entry, but upon protest the question of antiquity comes on for hearing *de novo*, like other cases.

Restated, the case here presents these facts: Affidavits ostensibly in compliance with the reasonable regulations of the Secretary of the Treasury were seasonably made and filed with the entry; thereupon the customs officers in connection therewith and with the other papers examined the articles imported, found that they did not possess the requisite degree of antiquity, and pursuant to the regulations referred the question with all the papers to the Secretary of the Treasury, who held upon consideration thereof that free entry should be denied. Protest was then duly made and sent to the Board of General Appraisers. No new evidence was introduced before the board, although in the protest the importer stated that he should endeavor to obtain additional evidence and affidavits. The hearing upon the protest was in New York.

The board was required to send here, amongst other things, such exhibits and samples as were before it. No pictorial or other representation of these importations, or description of the same, except as it is contained in the affidavits, is to be found in the files of the case, and the importations themselves are not here.

In its opinion the board says:

It affirmatively appears from the affidavits of the owner and foreign shipper * * * that these columns were produced in Italy about 1750 and were thus more than 100 years old.

We conclude from the foregoing that the board had no opportunity for an inspection of the articles or representations thereof, so its finding that the claim of antiquity has been established rests wholly upon these affidavits, and we consider whether there is in them sufficient evidence to warrant its finding.

It will be noted that although no objection appears to have been expressly made by the customs officials to the sufficiency of the affidavits for the purposes of entry, neither is it on the other hand stated in the record that they are deemed sufficient proof of antiquity, and the inference from the action of the customs officers in the case is clearly that they were deemed insufficient. The affidavit of the owner is to the effect that she has investigated the origin and history of these columns and believes them to have been produced more than 100 years prior to their importation. The affidavit of the seller or shipper is that they were produced in the year 1750, which, although an unqualified statement of the fact, is obviously something that the affiant could not know, and, unless he was possessed with expert knowl-

edge, which the affidavit fails to show, is a statement that can be given no more weight than a statement that he so believed, and is therefore no more than the expression of nonexpert opinion upon his part, which is not strengthened by his later declaration that the articles were older than 100 years.

We think, in view of the purpose for which these affidavits were required to be furnished, in view of the fact that they are *ex parte*, and that they lack probative force as above pointed out, that it must be held that unsupported they do not warrant a reversal of the action of the collector, which is presumed to be correct.

The judgment of the Board of General Appraisers is *reversed.*