## BRADLEY MARTIN, JR., *v.* UNITED STATES (No. 759).[1]

1. ANTIQUE SILVERWARE PART OF PERSONAL BAGGAGE.
   .It is a reasonable Treasury regulation that requires an affidavit to be made by the importer of an antique showing why the article is regarded as an antique; and that requires further a described kind of declaration by the foreign seller of the antique as to the character and history of this. That the importation was brought in as personal baggage does not exempt the owner from showing a compliance with this regulation, both as to the affidavit and the declaration.

2. WHEN COMPLIANCE IS TO BE SHOWN.
   The regulation in terms requires the affidavit and the declaration to be produced upon entry, and the fact that no objection was made before the collector that the declaration was wanting will not excuse the importer from showing, on appeal to the Board of General Appraisers, that the requirements had been complied with at the time of entry.

United States Court of Customs Appeals, November 21, 1912.

APPEAL from Board of United States General Appraisers, Abstract 24465 (T. D. 31165).

[Affirmed.]

*Davis, Auerbach, Cornell & Barry* for appellant.

*William L. Wemple,* Assistant Attorney General (*Charles E. McNabb,* assistant attorney, on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:

The appellant imported as a part of his personal baggage certain articles of silverware, valued at $665, claimed to be exempt as articles possessing artistic merit which had been produced more than 100 years prior to the date of their importation. This claim was disallowed by the collector and the merchandise held dutiable under

paragraph 199. From this determination an appeal was taken to the Board of General Appraisers. The board, while of the opinion that the evidence offered at the hearing showed that the articles were of artistic merit, and had been in existence the requisite length of time prior to importation, overruled the protest on the ground that the regulations of the Secretary of the Treasury (T. D. 29958) had not been complied with.

The regulations required, first, "an affidavit of the ultimate consignee stating that he has investigated the origin and history" of the imported articles "and believes the same to have been produced more than 100 years prior to the date of their importation"; and, secondly, "a declaration of the foreign seller or shipper, certified by the United States consul at the place of shipment, stating the name of the producer of such articles and the date and place of their production, and also stating the name and residence of the person from whom and the date when such seller or shipper acquired the same." A certificate by the consul that the statements contained in the declaration by the shipper or seller are true to the best of the knowledge and belief of the consul is also required.

On importation, the appellant made an affidavit complying with the first requirement of these regulations, but there was no affidavit or declaration accompanied by consular certificate such as is required by the second provision of the regulations.

The first contention made by the importer is that as the goods were brought in as a part of his personal baggage the regulation of the Secretary of the Treasury does not apply. The argument is that the regulation providing for an affidavit by the ultimate consignee and one by the foreign seller or shipper indicates that the regulation was intended to relate to articles shipped by some foreign party and consigned to a resident of this country.

We think this construction of the regulation is too narrow. The allowance of such a contention would result in this, that an importer who brought in the goods himself as a part of his personal baggage would not be required to observe the regulations at all. This would be a discrimination in favor of such importations which is not within the spirit of the act, nor is it, as we think, within the spirit or the letter of the regulations. The form adopted for compliance with the first provision uses the word "owner" in place of "ultimate consignee," indicating very clearly that the ultimate consignee intended was the owner to whom the shipment should be made or who received the goods. There seemed to be no misunderstanding of this, as the importer in fact complied with this provision of the act.

It is next urged that if the regulation be held applicable, there was a sufficient compliance therewith. The affidavit, as before stated, was not accompanied by any consular certificate. It was entirely

within the authority imposed by Congress upon the Secretary of the Treasury to require that such certificates should accompany the affidavit made by the shipper or seller.

It is next urged that the regulation requiring an affidavit on the part of the seller in such a case as the present is unreasonable. This proceeds upon the view that a different rule should obtain in case of an importer who had collected from various dealers the articles imported and one who had made a purchase of the entire importation from one seller. It is said that it would be unfair to require the importer to take the several dealers to the place of shipment to secure their declarations. It is not the case in every importation that there are several dealers. If there are, the importation of each article must stand upon the same basis as though it were the only article imported. It would not do to establish a rule which would permit of an importation by a shipper who purchased of several dealers under terms or conditions different from those which would obtain in the purchase from a single dealer. As before stated, the regulation was entirely within the power of the Secretary of the Treasury.

It is true that by regulation promulgated after this importation was made, namely, June 20, 1911 (T. D. 31713), the collector at the port of New York is authorized to accept entry of works of art and artistic antiquities under paragraph 717 on declarations of foreign seller or shipper where the foreign seller or shipper did not appear before the consul, but the declaration was forwarded to the consul by mail and was certified by him. It is urged that the very fact of the promulgation of this regulation shows the unreasonableness of the previous requirement. But we are unable to say that this fact demonstrates the unreasonableness of the prior regulation. The regulation in force when this importation was made was not such as to put it beyond the power of the importer to comply with its requirements.

It is next urged that as the objection of an alleged failure of compliance with the regulation was not made before the collector the question could not be first raised before the Board of General Appraisers. We think this is a misapprehension of the nature of the proceedings before the collector. One claiming free entry under paragraph 717 has cast upon him certain duties as a condition to free entry of the goods. He makes up his case and the collector passes upon it as made. When a protest against that decision is entered and an appeal taken to the Board of General Appraisers, it is incumbent upon the importer to show not only that the classification made by the collector is incorrect, but that the classification made by the importer is correct, and this of necessity involves in the present case a showing that he has complied with the regulations lawfully made by the Secretary of the Treasury. United States v. Danker (2 Ct. Cust. Appls., 462; T. D. 32208).

The case of United States v. Morris European Express Co. (3 Ct. Cust. Appls., 146; T. D. 32386) contains dictum that this court, in reviewing a decision of the Board of General Appraisers, will not consider a point not made or considered by the board. In the present case the point appears to have been made and considered; in fact the decision of the board rested upon the identical question here presented.

It is said that the failure to make the objection by the Government was prejudicial to the importer in two aspects: First, the importer was deprived of the opportunity of giving bond for the production of the declaration at the time of entry; secondly, the importer was surprised and deprived of the opportunity of showing facts which could have excused such alleged insufficiency.

The answer to this is that the importer could not be deprived of the opportunity of giving bond for the production of declaration at the time of entry by an act of the collector after the entry was filed. The regulations in terms require the affidavit and declaration to be produced upon entry.

The decision of the Board of General Appraisers is *affirmed.*