UNITED STATES *v.* TSAI (No. 1915).[1]

1. ANTIQUITIES—CUSTOMS REGULATION REASONABLE.
    Article 395, Customs Regulations of 1915, providing that the importer of antiquities shall furnish a certificate stating from whom the merchandise was acquired and the date of its acquisition, is reasonable.
2. ARTICLE 395, CUSTOMS REGULATIONS OF 1915, COMPLIANCE WITH.
    A certificate stating that antiquities were acquired from "various persons" on different days of the years 1914 and 1915 does not comply with article 395, Customs Regulations of 1915, providing that the certificate shall state from whom and when they were acquired.
3. ARTICLE 395, CUSTOMS REGULATIONS OF 1915, PURPOSE OF.
    One purpose of article 395, Customs Regulations of 1915, is to furnish the customs officers facts upon which an investigation may be based.—United States *v.* Thomas (3 Ct. Cust. Appls., 142; T. D. 32385). That purpose is not accomplished by a certificate stating that antiquities were purchased from "various persons" on different days of the years 1914 and 1915, without stating what persons, what days, for which years. Such certificate is insufficient to support a claim for free entry under paragraph 656, tariff act of 1913.

United States Court of Customs Appeals, January 28, 1919.

APPEAL from Board of United States General Appraisers, Abstract 41937.

[Reversed.]

*Bert Hanson,* Assistant Attorney General (*John J. Mulvaney,* special attorney), for the United States.
*Sharretts, Coe & Hillis* for appellee.

[Oral argument Jan. 17, 1919, by Mr. Hanson.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:
The merchandise under consideration in this case consists of certain porcelain vases and earthenware and stone articles imported

─────────────────────────
[1] T. D. 37902 (36 Treas. Dec., 72).

from China. There were included in the importation also some wooden stands, but as the importer waived the claim of free entry as to them, those articles present no question for our consideration.

The other articles named are claimed to be free of duty under paragraph 656 of the tariff act of 1913 as artistic antiquities produced more than one hundred years prior to the date of importation.

Paragraph 656, after providing for free entry of certain works of art produced more than 100 years ago, provides: "But the free importation of such objects shall be subject to such regulations as to proof of antiquity as the Secretary of the Treasury may prescribe."

Acting under this authority, the Secretary of the Treasury in Article 395 of the Customs Regulations of 1915, adopted regulations to govern the importation of such antiquities as follows:

There shall be attached to the invoice filed upon entry a certificate of the foreign seller or shipper before the American consul at the place of shipment in substantially the following form:

............
......... ........, 19—.

I, ...... ......., do hereby certify that I am the ...... of certain works of art, viz., ......, covered by consular invoice No. .., certified before the American consul at ......, on the ...... day of ......, 19—; that the said .....;... were acquired by me from ...... on the ...... day of ......, 19—; and I further declare that ..........

I, ......, ...... consul of the United States at ......, do hereby certify that the above declaration was subscribed and sworn to (or affirmed) before me by ...... ....... on this ...... day of ......, 19—, and that the statements therein contained are true, to the best of my knowledge and belief.

...... ........,
*United States Consul.*

Affidavits or certificates signed by an agent or attorney of the principal will not be accepted, but bonds for the subsequent production within six months of such affidavits or certificates may be taken.

In attempted compliance with this provision the importer attached to the invoice a statement by a party designating himself as agent or owner certifying that the articles in question were produced in China on different dates, ranging from 200 to 400 years ago, and that they were acquired from various persons on different days of the years 1914 and 1915. There was apparently no attempt to give the name of any person from whom any portion of these articles was obtained, nor any accurate date or even an approximate date, unless the period of two years is sufficiently approximate to answer the requirements of the statute.

The appraising officer returned the articles free of duty. Upon the entry being returned to the collector for liquidation, that officer declined to accept the certificate of the foreign shipper as a compliance with the regulation, on the ground that it failed to specify the names of the producers, the date and place of production, and the names and residences of the persons from whom and the dates when the antiquities were acquired by the shippers. Upon the refusal of the collector to accept the certificate, the importer gave bond to produce a certificate containing the information demanded. The importer

having failed to obtain the specific information at the expiration of the period fixed by the bond, the articles were treated as of modern origin, and in liquidation duty was assessed at the appropriate rate applicable to similar modern goods as provided in the act.

The importer protested this liquidation, and the board sustained the protest.

The board seems to lay stress upon the fact that the requirement that a certain form be followed is that the certificate shall be in "substantially" the form indicated. There seems to be no contention made that the regulations such as are here in question are not within the authority of the Secretary of the Treasury, nor could there well be, in view of our decisions in Martin v. United States (3 Ct. Cust. Appls., 384; T. D. 32982); United States v. Thomas (3 Ct. Cust. Appls., 142; T. D. 32385); Gump v. United States (3 Ct. Cust. Appls., 137; T. D. 32384); and McBride v. United States (1 Ct. Cust. Appls., 293; T. D. 31354). Without the necessity of quoting from these cases it may be stated that they hold that the requirement of a certificate similar in form to these under a similar authority conferred by statute may be made by regulation of the Secretary of the Treasury, and that the purpose of requirements similar to those named in the regulations here in question is to afford to the customs officers an effective basis for investigation as to the claim made if they desire to make it, so that such officers may determine whether or not a prima facie case of antiquity has been made. United States v. Thomas, supra. See also Kronfeld v. United States (4 Ct. Cust. Appls., 60; T. D. 33308).

It gets down to the question, then, as to whether there has been a substantial compliance with the terms of this regulation. To say that there has been a substantial compliance would indicate that much of what is contained in the required certificate is meaningless. It is manifest from a reading of the certificate to be signed by the shipper or seller that the party from whom the alleged antiquity is acquired must be named. No attempt was made in this case to name any one party, but the term "various persons" was employed. This affords no information to the officers of customs as a basis for an investigation. On the contrary, it would appear to be withholding information, if not in the possession of the shipper, yet such as should be easily acquired.

Nor is the date given. It is idle to say that any date within a period of two years is sufficiently accurate. Some variation might be allowed, and some description of the person from whom the goods were acquired, which would furnish means of identification, but here no attempt is made to furnish the means of identification, either as to the date or as to the persons from whom the goods were acquired.

We are unable to agree with the board that this was a substantial compliance with the regulation, and feel compelled to hold otherwise.

The decision of the board will be *reversed*.