## HULL *v.* UNITED STATES (No. 2033).[1]

EVIDENCE, BURDEN OF PROOF—PRESUMPTION FAVORS COLLECTOR—PARAGRAPH 404, TARIFF ACT OF 1913, AND ARTICLE 333, CUSTOMS REGULATIONS, 1915—AMERICAN GOODS RETURNED.

Compliance with article 333, Customs Regulations, 1915, promulgated pursuant to paragraph 404, tariff act of 1913, and prescribing the method of showing the identity of American goods returned, does not relieve an importer from the burden of proving such identity to support a protest against the decision of the collector against it. The preliminary papers required by the article to be filed with the collector in support of a claim for free entry of merchandise under the paragraph are simply intended to assist the collector in deciding upon the entry and possess no conclusive or binding force upon his official action. If, in such case, the collector, for reasons which seem sufficient to him, decides against the claim for free entry and thereupon assesses duty upon the merchandise, his decision in the first instance is presumed, as in other cases, to be correct; and, upon the trial of a protest in such case, the burden is cast upon the protestant, as in other cases, to establish by lawful evidence any and all facts upon which he relies to overcome that presumption.·

United States Court of Customs Appeals, November 23, 1920.

APPEAL from Board of United States General Appraisers, Abstract 43666.

[Affirmed.]

*Comstock & Washburn* (*Geo. J. Puckhafer* of counsel) for appellant.

*Bert Hanson,* Assistant Attorney General (*Samuel Isenschmid,* special attorney, of counsel), for the United States.

[Oral argument Oct. 29, 1920, by Mr. Puckhafer and Mr. Hanson.]

Before SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MARTIN, Judge, delivered the opinion of the court:

This case raises a question of practice or procedure rather than one of classification. It is well known that when an importer claims free entry for merchandise as "American goods returned," he is required by the customs regulations to file certain declarations and certificates with the collector in support of the claim: now if in a given case these should be duly filed but the collector nevertheless

_____

[1] T. D. 38556 (38 Treas. Dec., 777).

should decide against the claim for free entry, the question would arise whether upon the trial of the protest the burden of proof would rest upon the importer to support his claim by evidence as in ordinary cases, or whether he would be relieved of this duty by reason of his compliance with the regulations as aforesaid. Such a question is presented by the present issue.

Stating the case more concretely, it appears that the merchandise is zinc dross and zinc ashes, which came into this country in two shipments from Canada. It was claimed by the importer that the metal was refuse which had been derived from American spelter used in Canadian galvanizing plants, returned without being advanced in condition and accordingly entitled to free entry.

The collector, however, assessed the merchandise with duty at the rate of 10 per cent ad valorem under the provision for "metals unwrought" in paragraph 154, tariff act of 1913.

The importer protested, insisting upon the claim for free entry. The protest was tried before the board and was overruled, the decision reading in part as follows:

> The testimony heard at the trial of the case as to the origin of the merchandise was so entirely unsatisfactory that we find it impossible to determine definitely that it was the growth, produce, or manufacture of the United States.

The importer appeals.

The following is a copy of the relevant part of paragraph 404, tariff act of 1913, upon which the appellant relies:

> 404. Articles the growth, produce, or manufacture of the United States, when returned after having been exported, without having been advanced in value or improved in condition by any process of manufacture or other means; * * * but proof of the identity of such articles shall be made, under general regulations to be prescribed by the Secretary of the Treasury. * * *

It is claimed by the importer that the present merchandise is identical in origin, character, and history with that considered by this court in the case of United States v. Rubelli's Sons (8 Ct. Cust. Appls., 399; T. D. 37645), and should be granted free entry upon the authority of that decision.

While we fully approve and reaffirm the doctrine of that case it will be observed that paragraph 404, supra, when providing for the free entry of certain returned exportations, provides furthermore that proof of the identity of such merchandise shall be made under general regulations to be prescribed by the Secretary of the Treasury. Acting in the discharge of this duty the Secretary prescribed general regulations for proof of the identity of such articles, and these are to be found in Article 333, Customs Regulations, 1915, and read as follows:

> ART. 333. *Requirements on entry.*—The following documents shall be filed on entry or bonds given for the production thereof:

(*a*) A declaration of the foreign shipper before the American consular officer on consular form 129, if the value is more than $100, which will be accepted in lieu of a consular invoice.

(*b*) A declaration of the owner, importer, consignee, or agent on customs form 3311.

(*c*) A certificate (customs form 4467) of the collector of customs at the port from which the merchandise was exported from the United States, which will be issued on application of the importer or collector, and be mailed direct to the port at which it is to be used, and its issuance noted on the export manifest. If exported from a port at which the entry is made, exportation must appear upon the records of the customhouse.

If the value exceeds $100, and the appraising officer's report does not affirmatively show that the merchandise is of domestic manufacture or production, the collector may require the importer to furnish within three months after the date of the demand therefor, in addition to the declaration filed on entry, an affidavit (customs form 3311) of the owner or ultimate consignee or other evidence to identify the returned merchandise as of American manufacture or production.

The record discloses the fact that the importer formally complied with the foregoing regulations by filing the declarations required of him, and he claims furthermore that the certificates thereby required were likewise duly forwarded to the collector. The collector, however, refused the claim for free entry, and assessed duty as aforesaid. In respect to one of the entries the collector reported that there was no evidence before him at the time as to the country of origin of the merchandise, and that he was of the opinion that it was not of American manufacture. It should be noted here, however, that the files of the case contain original declarations and a certificate which are sufficient in form to comply with the regulations and which were before the collector at the time of the assessment. In respect to the other entry the collector simply reported that he had assessed duty upon the merchandise upon the authority of T. D. 36205, which was a direction issued by the Secretary of the Treasury prior to the decision of this court in the Rubelli case, supra, denying free entry to such zinc dross even when derived from zinc exported from this country, and directing that it be assessed with duty as a "metal unwrought."

As already stated the importer protested against the assessment and went to trial before the board. At the trial, however, he called but a single witness, and the testimony of this witness was mere hearsay which was absolutely lacking in probative value. The importer having thereupon rested his case the board decided against him because of a failure of proof on his part, as appears above. The importer however contends that he had fully complied with the requirements of the customs regulations, and that because of that fact he was entitled to a decision in his favor upon the record, since the Government submitted no proof to rebut the preliminary declarations and certificate. We thus come to the question as first above stated whether at the trial before the board the collector's assessment.

enjoyed the presumption in its favor which ordinarily attends upon assessments of duty by collectors, thus placing the usual burden of proof upon the importer, or whether in this case the importer was relieved of this burden by reason of his compliance with the regulations prescribed by the Secretary of the Treasury.

An examination of the former decisions of the courts will disclose that the question thus stated must be decided against the appellant upon the ground of stare decisis.

In the case of United States v. Ranlett and Stone (172 U. S., 133), which arose under the tariff act of October 1, 1890, the importations were certain grain bags which were entered as free of duty under paragraph 492 of the act. This paragraph corresponded to paragraph 404 of the tariff act of 1913, and provided for the free entry of articles the growth, produce, and manufacture of the United States, when returned after having been exported without having been advanced in value or improved in condition by any process of manufacture or other means. The paragraph like the present one provided for proof of identity of the articles to be made under general regulations to be prescribed by the Secretary of the Treasury. The several documents which were required by the authoritative regulations were duly filed by the entrants, but the collector nevertheless assessed duty upon the merchandise. In the decision of the case Mr. Chief Justice Fuller spoke in part as follows (pp. 141, 145):

On the question of identity, then (which under the law includes the question of country of manufacture), the production of the papers required by the regulations are not conclusive proof, and if the appraiser, after actual examination had, decides that the goods are not as described, but are such, in fact, as to fall within a different classification, and so reports to the collector, his judgment must stand unless reversed on reappraisement, or by the Board of General Appraisers on protest filed.

*     *     *     *     *     *     *

The remedies provided by the act of June 10, 1890, furnished the equivalent for the action against the collector which was originally the remedy for an illegal exaction of duties, United States v. Passavant, 169 U. S. 16; Schoenfeld v. Hendricks, 152 U. S. 691; and as in that action, so in this proceeding, the importer must establish the illegality in order to recover back duties paid under protest; and this, in a case like the present, involves, in substantiating that contention, the making proof of the identity of the merchandise. Earnshaw v. Cadwalader, 145 U. S. 247; Erhardt v. Schroeder, 155 U. S. 124.

In the case of United States v. Thomas (3 Ct. Cust. Appls. 142; T. D. 32385), which rose under the tariff act of August 5, 1909, the importations were certain carved wooden columns imported from Italy, for which free entry was claimed as artistic antiquities produced more than 100 years prior to the date of importation. This claim was made under paragraph 717 of the act, which contained also the proviso that the free importation of such objects should be subjected to such regulations as to proof of antiquity as the Secretary of

the Treasury should prescribe. In the discharge of this duty the Secretary had established certain rules requiring the filing at entry of certain affidavits in support of the facts upon which the claim for free entry rested, and the importers in the case had duly filed such affidavits with the collector. Nevertheless the collector refused free entry to the articles and assessed them with duty. The importers protested, and at the trial before the board they expressly based their case upon the affidavits filed with the invoice in full compliance with the Treasury regulations. The board sustained the protest, but upon appeal to this court the decision was reversed, and upon the subject of the preliminary affidavits Judge Barber, speaking for the court (p. 146), said:

> We think, in view of the purpose for which these affidavits were required to be furnished, in view of the fact that they are ex parte, and that they lack probative force as above pointed out, that it must be held that unsupported they do not warrant a reversal of the action of the collector, which is presumed to be correct.

It may be stated that the observation above noted as to the lack of probative force of the affidavits then before the court is peculiarly applicable to the "declarations" filed in this case under the Secretary's regulations.

See also United States *v.* Morris European & American Express Co. (3 Ct. Cust. Appls. 146, 149, 150; T. D. 32386).

In accordance with the foregoing authorities and upon a consideration of the underlying principles involved in the question, we conclude that the preliminary papers which importers are required by the regulations to file with the collector in support of a claim for free entry of merchandise under paragraph 404, supra, are simply intended to assist the collector in deciding upon the entry, and possess no conclusive or binding force upon his official action. And if in such case the collector for reasons which seem proper to him decides against the claim for free entry, and thereupon assesses duty upon the merchandise, his decision in the first instance is presumed as in other cases to be correct, and upon the trial of a protest in such case the burden is cast upon the protestant as in other cases to establish by lawful evidence any and all facts upon which he relies to overcome that presumption.

Since in the present case the importer introduced no evidence possessing any probative force or value in support of the protest, the board was bound to overrule it, and the decision to that effect is accordingly *affirmed*.