MRS. FREDERICK W. HINKLE *v.* UNITED STATES (No. 3385)[1]

[1] T. D. 45257.

▆▆▆▆▆▆▆▆▆▆▆▆

United States Court of Customs and Patent Appeals, November 2,
1931

▆▆▆▆▆▆▆▆▆▆▆▆

▆▆▆▆

*Puckhafer, Rode & Tompkins* (*J. Stuart Tompkins* of counsel) for appellant.
*Charles D. Lawrence*, Assistant Attorney General (*John F. Kavanagh*, special
attorney, of counsel), for the United States.

[Oral argument October 13, 1931, by Mr. Tompkins and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT,
Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

The appellant imported two antique tapestries at the port of
Cincinnati, Ohio, and entered the same on October 18, 1927. The
goods were separately invoiced. One of the tapestries, an Aubusson
of the eighteenth century, was purchased by the appellant from
Thierard Frères, of 16 Rue d'Artois, Paris, and a consular invoice
was duly executed by said Thierard Frères and was delivered to the
collector at the time of entry.

The other tapestry was purchased from a Madame Rotge, residing
in Normandy, France, and this tapestry was invoiced by the appel-
lant, personally, as the consular invoice, filed with the papers, shows.

As to the latter tapestry, the United States Customs Court held
that the invoice and Form 3343 attached thereto were a sufficient
compliance with article 423 of the Customs Regulations of 1923,
as amended on July 9, 1927, by T. D. 42299, and duly sustained the
protest as to said tapestry.

The court below overruled the protests as to the Aubusson tapestry
purchased from Thierard Frères, holding that the said customs regu-
lations had not been sufficiently complied with, and citing the decis-
ions of this court in *United States* v. *Tsai*, 9 Ct. Cust. Appls. 42,
T. D. 37902, and *United States* v. *Bird*, 16 Ct. Cust. Appls, 306, T. D.
42876.

The importer has appealed from that judgment. No cross-appeal
has been perfected by the Government, and it follows that the judg-
ment of the lower court as to the tapestry purchased from Rotge,
which is known in this record as Exhibit 5, should be affirmed.

The goods in question were classified by the collector as manufac-
tures of wool under paragraph 1119 of the Tariff Act of 1922. They
were claimed to be free of duty under paragraph 1708 of said act,
which is as follows:

PAR. 1708. Works of art (except rugs and carpets), collections in illustration
of the progress of the arts, works in bronze, marble, terra cotta, parian, pottery,
or porcelain, artistic antiquities, and objects of art of ornamental character or

educational value which shall have been produced more than one hundred years prior to the date of importation, but the free importation of such objects shall be subject to such regulations as to proof of antiquity as the Secretary of the Treasury may prescribe.

The court below overruled the protest as to said Exhibit 4, the Aubusson tapestry, on the theory that the importer had failed to comply with the customs regulations, in the following language:

\* \* \* As to the remaining invoice, covering Exhibit 4, the Aubusson tapestry, we think the information contained thereon is insufficient to comply with the regulations as interpreted by this court and the Court of Customs and Patent Appeals, in that the name of the person from whom purchased is given as Madame Léfevre, without furnishing any address or other means of identification.

A considerable time after the filing of the entry in question, certain affidavits were prepared as to the character of the imported articles which were forwarded and which were offered and received in evidence on the trial. It is now contended by the Government that these affidavits were not properly received and can not be considered herein. We find ourselves in agreement with this conclusion. It is quite apparent that the customs regulations in question do not have in contemplation proofs of this kind to be made at some period subsequent to the entry of the goods involved. In *United States* v. *Bird, supra,* in passing upon the right of an importer to make proof subsequent to his entry under said customs regulations, article 423, as it was at that time, we said:

The proper administration of the customs law requires that the importer comply with the reasonable customs regulations, duly promulgated, The right of free entry in case of artistic antiquities is made dependent upon compliance with the reasonable regulations of the Treasury Department therein. To hold that the importer may fail to comply with such regulations, and, if he succeeds in obtaining free entry from the collector, may make his proof orally thereafter, if necessary, is to practically nullify the customs regulations, and is a reversal of the line of authority in this court since its creation.

Article 423 of said customs regulations, as amended by T. D. 42299, 52 Treas. Dec. 22, is as follows:

ART. 423. *Artistic antiquities.*—Works of art (except rugs and carpets), collections in illustration of the progress of the arts, works in bronze, marble, terra cotta, parian, pottery, or porcelain, artistic antiquities, and objects of art of ornamental character or educational value which shall have been produced more than 100 years prior to the date of importation, will be admitted free of duty, upon compliance with the following regulations:

. The invoice filed upon entry shall contain the name and address of the person from whom the articles were acquired, date when acquired, and, if possible, the place and approximate date of production.

An affidavit by the owner on Customs Form 3343 shall also be filed on entry.

The affidavit of the owner signed by an agent or attorney can not be accepted, but a declaration of the foreign seller or shipper, executed by an agent competent to declare to the value and facts of the invoice, shall be accepted as a sufficient compliance with the regulations. A bond for the subsequent production of either

the owner's affidavit or the shipper's declaration within six months may be taken on entry. (Customs Form 7551.)

Affidavits bearing on the age and character of such importations shall be transmitted by the collector to the appraising officer. The findings of such officer shall be clearly stated in his return upon the invoice.

In the case of articles brought in as passengers' baggage and claimed to be entitled to free entry as artistic antiquities, such articles may be admitted free of duty upon an affidavit of the owner before a customs officer, providing the appraising officer shall return the articles as of an age and character entitling them to free entry and that the regulations have been complied with in other respects.

Artistic antiquities are free of duty, though repaired or renovated within 100 years. If, however, such repairs or renovation consist of an addition to an article of an artistic feature which renders it a "work of art" the article is excluded from free entry even though the repairs or renovation may be slight in extent.

The importer claims that she has complied with all the provisions of said customs regulations. On the other hand, counsel for the Government alleges that the invoice filed by her does not contain the—

name and address of the person from whom the articles were acquired, date when acquired, and, if possible, the place and approximate date of production.

The invoice is upon the ordinary form of consular invoice known as Form 138. The introductory part of the invoice is as follows:

*Paris, 26 Septembre, 1927.*

Invoice of une tapisserie XVIII éme. purchased by Madame Frederick Wallis Hinkle, of Belcamp Edwards Road, Cincinnati, from Monsieur Thierard, of 16 Rue d'Artois, Paris.

In the body of the invoice appears the following, which, for purposes of convenience, is given in the English translation:

Tapestry with figures of XVIII century_____ 50,000 frs.
  Paid for in French money.
  Bought the 22nd September, 1927.
  Tax of 12 per cent included.
  Consul fee included.
  Tapestry of XVIII century of the manufacture Aubusson of France was bought from Madame Léfevre the 21st December, 1925.

Attached to the invoice was the affidavit of the importer, on Customs Form 3343, the material part of which is as follows:

*October 17, 1927.*

I, Mrs. F. W. Hinkle, declare under oath that I am the owner of certain articles, viz:

1 Aubusson tapestrie personages, of 18th century, imported at the port of New York, per S. S. *France*, which arrived on the 6 day of October, 1927, consigned to Mrs. F. W. Hinkle, and that I have investigated the origin and history of said articles, and verily believe the same to have been produced more than one hundred years prior to their importation.

The importer contends she complied with said customs regulations when it was stated that she purchased the goods from Monsieur

Thierard, of 16 Rue d'Artois, Paris. Counsel for the Government insists that the said customs regulations required the giving of the address of Madam Léfevre, and that having failed to do so, she has not brought herself within the scope of our reasoning in *United States* v. *Bird, supra,* and within the intendment of the said customs regulations.

It is doubtless true that the importer has been acting in good faith and endeavored to do all that the statute and customs regulations required her to do in order to obtain free admission of her Aubusson tapestry. However, we are forced to the conclusion that she has failed to do so.

Section 481 of the Tariff Act of 1922 provides for the form and contents of invoices of imported merchandise. Subsection (a) (2) of said section provides that each invoice shall contain—

(2) The time when, the place where, and the person by whom and the person to whom the merchandise is sold or agreed to be sold, or if to be imported otherwise than in pursuance of a purchase, the place from which shipped, the time when and the person to whom and the person by whom it is shipped;

Section 484 (b) of said act provides that no merchandise may be entered without the production of a certified invoice therefor, except in certain instances which are unimportant in the case at bar.

It will be observed that the seller and shipper of the merchandise in question here complied substantially with the requirements of said sections in making the invoice of the imported tapestry. In other words, the seller gave the "time when, the place where, and the person by whom and the person to whom the merchandise is sold." The introductory portion of the invoice gave all this information, as was required by law.

If, as argued by the importer, this was all that was required, then nothing further in this regard was required by amended customs regulations, article 423, than what was already a part of the statute. We are unable to come to that conclusion. Said amended regulations provide—

The invoice filed upon entry shall contain the name and address of the person from whom the articles were acquired, date when acquired, and, if possible, the place and approximate date of production.

Bearing in mind that this information is to be given by the person making the invoice, it becomes apparent that Thierard Frères were required to give "the name and address of the person from whom the articles were acquired" by them. Doubtless Thierard Frères had this in mind when it was stated in the invoice that the tapestry was purchased from Madame Léfevre. Inasmuch as her address was not given, however, the regulation was not fully complied with, and the goods are, consequently, not entitled to free admission.

Such finding imposes a financial hardship upon the importer. The free importation of artistic antiquities is, however, a privilege, to take advantage of which the laws and pertinent regulations must be strictly complied with. *Rosenfield* v. *United States,* 18 C. C. P. A. (Customs) 146, T. D. 44361; *United States* v. *Bird, supra; United States* v. *Tsai, supra.* The inconvenience and hardships of special cases may not be permitted to alter rules of general application intended to work for the general good.

The conclusion just announced makes unnecessary a discussion of the other points presented by appellant.

The judgment of the United States Customs Court is *affirmed.*

### DISSENTING OPINION

GARRETT, Judge: There being no question but that the Aubusson tapestry involved is an artistic antiquity, such as was contemplated by paragraph 1708 of the Tariff Act of 1922, the only issue in the case is whether the regulations prescribed by the Secretary of the Treasury for the administration of the paragraph were complied with.

To my mind the determination of this issue turns upon the proper construction of the second paragraph of these regulations quoted in the majority opinion, and which is here quoted again:

The invoice filed upon entry shall contain the name and address of the person from whom the articles were acquired, date when acquired, and, if possible, the place and approximate date of production.

The invoice as to the involved tapestry was made out by one of the Thierards, who was the seller to Mrs. Hinkle, and states that it was bought by Thierard Frères [Bros.] from a Madame Léfevre December 21, 1925, but does not give the latter's address. This address is all that appears to be lacking, even to meet the requirements under the construction of the majority.

This invoice is complete in so far as the transaction between Thierard Frères and Mrs. Hinkle was concerned—that is, it gives the person from whom the latter bought it (the invoicers themselves), their address and the date on which they sold it to her, together with the place and approximate date of production.

Had Mrs. Hinkle, herself, made out this invoice (the other conditions of the regulations being complied with) it would have been sufficient to grant her the free entry sought, under the unappealed holding of the Customs Court as to the other tapestry involved in this same shipment or entry. It would not in that event have been required that the name, address, and date of purchase by Thierard Frères from Madame Léfevre be stated in the invoice.

Assuming the holding as to the other tapestry to be correct, I am unable to reconcile myself to the conclusion of the majority which

necessarily must mean that they construe the regulation to require that where the foreign seller makes out the invoice he must go a step further than is required when the importing purchaser makes out the invoice. Such a construction seems to me to be highly technical and to result in an injustice in this case.

I do not feel that the exact issue here passed upon is *stare decisis* under *United States* v. *William A. Bird,* 16 Ct. Cust. Appls. 306, T. D. 42878, referred to in the majority opinion, nor under *Louis Rosenfield* v. *United States,* 18 C. C. P. A. (Customs) 146, T. D. 44361, referred to during the oral argument.

Those cases arose while article 423 of the Regulations of 1923 contained a provision reading:

There shall be attached to the invoice filed upon entry a certificate of the foreign seller or shipper before the American consul at the place of shipment in substantially the following form:

------------------------------------,
--------------------------, 19---.
I, --------------------, do hereby certify that I am the -------- of certain works of art, viz, ---------------, covered by consular invoice No. ------, certified before the American consul at ------------------, on the ----------- day of -------------, 19---; that the said ----------------- were acquired by me from ----------------- on the ----------- day of -------------, 19---; and I further declare that ---------------------.

Had this provision been in effect at the date of the involved entry it would seem to have required the statement from Thierard Frères, which the majority hold necessary, but by T. D. 42299, issued July 9, 1927, and going into effect 60 days after that date, article 423, Customs Regulations of 1923, was amended and same was given the form quoted in full in the majority opinion.

This amended regulation omits entirely the text which I have last quoted above, but the majority opinion construes the language of the present regulation so as to continue the quoted requirement of the old regulation in full force and effect.

It seems to me that the paragraph which I have quoted from the present article 423, which was in effect when the involved entry was made, should be construed so as to hold that when the invoice shows the name and address of the person from whom the importing purchaser bought, together with the date of purchase and, where possible, the place and approximate date of production, it is a sufficient compliance with the regulations, in so far as that particular phase of this importation is concerned, and that the mere fact that such invoice was made out by the seller abroad, rather than by the importing purchaser, does not require the statement as to the person from whom the said seller purchased, together with the date of such purchase and the address of the third party.

This construction seems to me the reasonable, sound, and correct one and is certainly one which, in this case and in all cases on all fours with it, would carry out the manifest intent of Congress to admit such merchandise duty free.

I, therefore, respectfully *dissent*.