(C. D. 635)

Otto Schmidt Wine Co. *v.* United States

## United States Customs Court, Third Division

(Decided May 20, 1942)

*G. W. R. Wallace; Barnes, Richardson & Colburn* (*Joseph Schwartz* of counsel) for the plaintiff.

*Paul P. Rao*, Assistant Attorney General (*Dorothy C. Bennett* and *Robert C. O'Grady*, special attorneys), for the defendant.

Before CLINE, KEEFE, and EKWALL, Judges

EKWALL, Judge: The plaintiff in this case imported five barrels of whisky from Cuba. The name of the seller was given as the Mill Creek Distillery, Havana. The whisky was entered at the port of Chicago on a consumption entry on January 21, 1936. The collector of customs at that port assessed duty at the rate of $5 a gallon on said whisky under the provisions of paragraph 802 of the Tariff Act of 1930 with an allowance of 20 per centum from that rate under the provisions of article III of the trade agreement with Cuba of August 24, 1934 (49 Stat. 3559), published in T. D. 47232. Plaintiff claims that the whisky is entitled to a rate of $2.50 per proof gallon under said paragraph 802 as modified by the Canadian Trade Agreement (49 Stat. 3960) published in T. D. 48033, less the 20 per centum reduction.

Paragraph 802 as enacted in the Tariff Act of 1930 is in the following language:

PAR. 802. Brandy and other spirits manufactured or distilled from grain or other materials, cordials, liqueurs, arrack, absinthe, kirschwasser, ratafia, and bitters of all kinds containing spirits, and compounds and preparations of which distilled spirits are the component material of chief value and not specially provided for, $5 per proof gallon.

The Canadian Trade Agreement, the provisions of which were applicable to Cuba, modified the above provision insofar as whisky is concerned as follows:

Whiskey of all types and classes $2.50 per proof gallon.

*Provided*, That this provision shall not apply to any whiskey consisting in whole or in any part of distilled spirits which have not been aged in wooden containers at least four years prior to the date the whiskey is entered, or withdrawn from warehouse, for consumption.

The question to be determined is whether this whisky consists in whole or in part of distilled spirits which have been aged in wood 4 years or more prior to January 21, 1936.

When the case was tried the plaintiff offered in evidence the certificate of age required by article 451½ of the Customs Regulations of 1931, as amended by T. D. 48057 and T. D. 48102. This certificate is part of the official papers, together with a translation thereof. Government counsel objected to this certificate being received in

evidence as proof of the age of the whisky. The judge hearing the case on circuit admitted the document for the purpose of showing that the customs regulations had been complied with and it was marked exhibit 1. It has been the rule of the court as set forth in many decisions that where affidavits are required by the statute said affidavits may be received in evidence as proof, not of the alleged facts therein set forth, but as proof of compliance with the customs regulations. Neither the statute nor the regulations clothe these prescribed affidavits with any statutory force which controls the decision of the collector or the court. See *United States v. Ranlett and Stone*, 172 U. S. 133; *United States v. Thomas*, 3 Ct. Cust. Appls. 142, T. D. 32385; *United States v. Morris, etc., Co.*, id. 146, T. D. 32368; *Hull v. United States*, 10 Ct. Cust. Appls. 211, T. D. 38556; *Eidlitz & Son, Inc.*, etc. v. *United States*, 12 Ct. Cust. Appls. 56, T. D. 39998.

Plaintiff also moved to incorporate the record in the case of *Otto Schmidt Wine Co. v. United States*, 2 Cust. Ct. 42, C. D. 83. Counsel for the Government objected on the ground that while the merchandise in both cases consisted of whisky purchased from the same distillery and the question in issue is the same, viz, was the whisky aged in wood 4 years prior to importation or withdrawal, the witness who testified in the case sought to be incorporated has since died, and further, that his testimony relative to the age of the whisky in the earlier case could have no probative force in respect to these five barrels now in suit. The judge on circuit reserved decision on the motion to incorporate the record for the full division of the court which would decide the case on the merits. The court finds that the objection was well taken. Certainly evidence of a witness as to the period of time which certain other whisky from the same distillery as that in suit, had been aged in wood, would be of no assistance to the court, especially in view of the fact that the witness could no longer be subjected to cross-examination.

Plaintiff introduced the testimony of the examiner of this class of merchandise at the port of entry. He testified that he passed upon this particular importation. He explained a notation in red ink on the invoice: "Or $2.50 Pf. gal." to mean that the customs officials returned two rates in the event that the collector should not accept the age certificate. This witness further stated in answer to a question of counsel, that he made no effort to determine whether the whisky in suit had been aged in wood for at least 4 years.

The Government introduced the testimony of a witness who in July, 1929, 5½ years prior to this importation, had organized the distillery in Cuba from which this whisky was purchased and who was the president and general manager of the company from July,

1929, to December, 1933. He testified that in 1933 the assets of the company, consisting of machinery and whisky, were liquidated and the stockholders took whisky as their proportionate share of the assets due them. He further stated that in November, 1932, and also in December, 1933, he made an inventory of all the whisky on hand. The inventory of November, 1932, was offered in evidence and marked for identification subject to the decision of this division of the court as to its admissibility, over objection of counsel for the plaintiff. This witness also testified that a Mr. Bevan, one of the stockholders who succeeded him as president, carried on the business under the old name until some time in March, 1934, after which said stockholder operated the business as an individual using the corporation name. At the time the witness left the corporation the barrels on hand were counted and after shipping to the United States a portion of the barrels covered by the inventory made in 1932 (exhibit 2 for identification) there were 380 barrels left which were handed over to Mr. Bevan; that the barrels numbered 101 to 116 were not included on said inventory of 1932.

The witness described the method of marking the barrels while he was president of the distillery as follows: the barrels were filled and put in the warehouse and each one given a serial number by cutting the numbers in with a cutting wheel, the date was stencilled on the barrel and the number of gallons and the proof on the head of the barrel. On cross-examination he stated that he would swear that on November 23, 1932, there were no other barrels on hand than those in the inventory produced and marked for identification. Counsel for the plaintiff in his brief lays stress on the answer to his inquiry extracted from this witness, in which the witness admitted that it is possible that the number on a barrel might have been changed after he left the corporation. It is the view of the court that this answer is not of great importance in rebutting the direct testimony of the witness.

On the question of the admissibility of the inventory marked for identification, the court finds that it is admissible for the purpose of showing what barrels by number remained in the distillery in November, 1932, a little over 3 years prior to this entry, which was made on January 21, 1936.

In view of the record we find that the presumption of correctness attaching to the finding of the collector that the whisky in suit had not been aged in wood for at least 4 years prior to importation, has not been overcome. Plaintiff has offered no proof to rebut this presumption except the certificate of age which was before the collector when he made his assessment. As stated above this certificate has no evidentiary value on the question of the age of the whisky. The

Government has produced testimony which tends to support the collector's finding in the form of an inventory of the barrels of whisky on hand in the distillery in November, 1932, which document does not contain barrels numbered to correspond with the merchandise in suit, thereby indicating that these barrels were not on hand in the distillery 4 years prior to importation.

The burden was on the plaintiff to prove not only that the collector's action was wrong but that the claim set up in his pleadings and relied on is correct. This rule is so well known as to require no citation of authorities.

Judgment will be rendered for the defendant.